William B. **SCHEIDT** and Wanda C. Scheidt, Petitioners–Appellants,

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent– Appellee.**

No. 91–9008.

United States Court of Appeals, Tenth Circuit.

June 18, 1992.

Michael W. Thom of Thom & Hendrick, Oklahoma City, Okl., for petitioners-appellants.

Gilbert S. Rothenberg (Shirley D. Peterson, Asst. Atty. Gen.; and Gary R. Allen and Regina S. Moriarty, Attorneys, Tax Div., Dept. of Justice, Washington, D.C., with him on the brief), Atty., Tax Div., Dept. of Justice, Washington, D.C., for respondent-appellee.

Before MOORE, ENGEL, * and TACHA, Circuit Judges.

TACHA, Circuit Judge.

Appellants William and Wanda Scheidt appeal from an order of the United States Tax Court denying both their motion to dismiss for lack of jurisdiction and their motion for summary judgment. On appeal, appellants contend that the Commissioner's misaddressed notice of deficiency to appellants failed to toll the three-year limitation period before which the Commissioner must assess tax deficiencies. We exercise jurisdiction under 26 U.S.C. § 7482(a) and affirm.

## BACKGROUND

On June 15, 1979, appellants filed a joint federal income tax return for 1978. On June 9, 1982—six days before expiration of the three-year statutory limitations period—the Commissioner mailed, by certified mail, a notice of deficiency to appellants. The notice was addressed, Post Office Box 20711, Oklahoma City, OK 73156. However, during 1981, appellants relinquished that post office box and began renting Post Office Box 20748. Further, their forwarding order from Box 20711 to Box 20748 expired on December 31, 1981 and, thus, was not in effect when the Commissioner sent the notice of deficiency. The record indicates, and the Tax Court found, that appellants had previously directed the Internal Revenue Service during 1981 to send all notices and other correspondence to 13108 Green Valley Drive, Oklahoma City, OK, with copies to their accountant, Robert J. Drewell, 2405 N.W. Expressway, Suite 200, Oklahoma City, OK.

The deficiency notice mailed by the Commissioner on June 9, 1982 informed appellants of tax deficiencies for their 1978 and 1979 returns. The record reveals that, on or about June 10, 1982, the Village Branch Post Office received a certified letter addressed to appellants at Post Office Box 20711. The Post Office placed a notice in Box 20711 indicating that appellants should pick up a certified letter. Apparently, the letter was never returned to the Commissioner. According to the Tax Court, "[t]he next verifiable event is that on July 6, 1982, a certified letter bearing number 02364642054 appeared in [appellants'] Post Office Box 20748." *Scheidt v. Commissioner*, 49 T.C.M. (CCH) ¶ 1501 (1985). Appellant William Scheidt subsequently received and signed for delivery of the deficiency notice mailed on June 9, 1982.

---

* The Honorable Albert J. Engel, Circuit Judge for the United States Court of Appeals for the Sixth Circuit, sitting by designation.

Appellants filed a timely petition for redetermination in the Tax Court regarding only their 1978 return. The Tax Court made several ultimate findings of fact, which neither party contests on appeal and which we find are not clearly erroneous: first, the Commissioner did not mail the notice of deficiency to appellants' last known address;[1] second, the Commissioner mailed the notice on June 9, 1982, prior to expiration of the three-year assessment limitation period; third, the Commissioner never actually remailed the notice of deficiency; and fourth, appellants received the notice in time to file a petition for redetermination and did in fact file a timely petition in the Tax Court. The Tax Court then held that the June 9, 1982 mailing of the notice of deficiency tolled the three-year statutory period because it was timely mailed by the Commissioner and provided actual notice of the deficiency to appellants with ample time remaining before the deadline for filing a petition for redetermination.

## DISCUSSION

The Commissioner must make an assessment of taxes within three years after a taxpayer files a return. 26 U.S.C. § 6501.[2] If upon assessment the Commissioner determines that a deficiency exists, he must give notice before initiating collection proceedings. *Id.* § 6213(a).[3] Section 6212(a) authorizes the Commissioner, when there is a deficiency, "to send notice of such deficiency to the taxpayer by certified mail or registered mail." Within ninety days after the Commissioner mails the notice of deficiency, the taxpayer may petition the Tax Court for redetermination of the deficiency. *Id.* § 6213(a). The Commissioner may not make or bring any assessment, levy or court proceeding during the running of the 90–day period or, if the taxpayer files a petition for redetermination, until after the Tax Court renders a final decision. *Id.* Further, section 6503(a) tolls the running of the three-year limitations period for assessment from the time the Commissioner mails the notice of deficiency until sixty days after the period during which the Commissioner is prohibited from making an assessment.[4]

■ As their primary contention, appellants argue that the deficiency notice was invalid and failed to toll the statutory period for assessment because the Commissioner misaddressed the notice and because appellants did not receive the notice until twenty-one days after the limitations period expired. We agree with other circuits that have rejected similar arguments. The statutory scheme for tax assessments contemplates that "[a] notice of deficiency that is actually received without delay prejudicial

1. Pursuant to 26 U.S.C. § 6212(b)(1), a notice of deficiency "shall be sufficient" if mailed to the taxpayer at his or her "last known address." This subsection creates a safe harbor for the Internal Revenue Service by allowing it to toll § 6213's three-year limitations period by sending the notice to the taxpayer's last known address, even if the taxpayer never actually receives the notice of deficiency. In this case, the Tax Court found that the Commissioner did not mail a notice of deficiency to taxpayers' last known address, and the Commissioner has not appealed from this finding. Therefore, for purposes of this appeal, the safe harbor provided by § 6212(b)(1) is not available.

2. Section 6501(a) provides that, "[e]xcept as otherwise provided in this section, the amount of any tax imposed by this title shall be assessed within 3 years after the return was filed."

3. Section 6213(a) provides,

[w]ithin 90 days ... after the notice of deficiency authorized in section 6212 is mailed ..., the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency.... [N]o assessment of a deficiency ... shall be made ... until such notice has been mailed to the taxpayer, nor until the expiration of such 90–day ... period ..., nor, if a petition has been filed with the Tax Court, until the decision of the Tax Court has become final.

4. Section 6503(a)(1) provides that

[t]he running of the period of limitations provided in section 6501 ... shall (after the mailing of a notice under section 6212(a)) be suspended for the period during which the Secretary is prohibited from making the assessment ... and for 60 days thereafter.

to the taxpayer's ability to petition the Tax Court is sufficient to toll the statute of limitations as of the date of mailing." *Borgman v. Commissioner,* 888 F.2d 916, 918 (1st Cir.1989); *see also McKay v. Commissioner,* 886 F.2d 1237, 1239 (9th Cir. 1989) (" '[I]f mailing results in actual notice without prejudicial delay . . . it meets the conditions of § 6212(a) no matter to what address the notice successfully was sent.'") (quoting *Clodfelter v. Commissioner,* 527 F.2d 754, 757 (9th Cir.1975), *cert. denied,* 425 U.S. 979, 96 S.Ct. 2184, 48 L.Ed.2d 805 (1976)); *Pugsley v. Commissioner,* 749 F.2d 691, 692–93 (11th Cir. 1985);[5] *Sorrentino v. Ross,* 425 F.2d 213, 215 (5th Cir.1970); *Berger v. Commissioner,* 404 F.2d 668, 672–74 (3d Cir.1968), *cert. denied,* 395 U.S. 905, 89 S.Ct. 1744, 23 L.Ed.2d 218 (1969). Appellants received their notice of deficiency sixty-three days before they were required to file a petition for redetermination in the Tax Court. The Tax Court found that appellants were not prejudiced by having only sixty-three days to file the petition. Appellants do not contest this finding on appeal. Therefore, we hold that appellants were adequately notified by the notice of deficiency mailed on June 9, 1982 and that the limitations period was tolled as of that date pursuant to § 6503(a)(1).

 Appellants urge us to adopt a rule that a notice of deficiency is not valid under § 6212 unless the notice is mailed prior to expiration of the three-year limitations period and is received by the taxpayer in "the due course of the mail." Appellants argue that because the Commissioner incorrectly addressed the notice of deficiency and because they did not receive the notice for twenty-seven days, they did not receive the notice in the due course of the mails and it thus did not toll the limitations period. We can find no basis in the statutory scheme for the test or the rule urged by appellants. Section 6213(a) clearly provides for a tolling of the limitations period when the Commissioner *mails* the deficiency notice. Absent any evidence of Congressional intent, we decline to graft an additional prerequisite to the tolling of the limitations period based on whether a taxpayer *receives* the notice of deficiency in the due course of the mails.

 Appellants also assert that because the notice was sent by certified mail, it should have been returned to the Internal Revenue Service after a time period specified by United States Postal Service regulations. Appellants argue that the failure to return the notice of deficiency to its sender, rendered the Postal Service's act of placing the notice in appellant's post office box a remailing—after expiration of the limitations period—by the Commissioner. We also must reject this theory of remailing. The record indicates that the Commissioner actually mailed the notice of deficiency only one time and that appellants received the letter in sufficient time to file a timely petition for redetermination. The Commissioner simply never remailed the notice. Therefore, we hold that the June 9, 1982 mailing tolled the limitations period pursuant to § 6213(a).

 We also conclude that appellants' equal protection argument lacks merit. Appellants contend that the Tax Court's decision draws an irrational distinction between taxpayers, like themselves, who receive a misaddressed notice of deficiency that is not returned (and thus tolls the

---

5. Appellants cite *Sicker v. Commissioner,* 815 F.2d 1400 (11th Cir.1987), to support their argument that a notice is invalid if the taxpayer is not afforded the full ninety days (less time for mailing in "due course") to file a petition for redetermination. However, we conclude that *Sicker* is entirely consistent with our holding today. In *Sicker,* the taxpayer learned of a deficiency notice 87 days after the Commissioner mailed it to an incorrect address. The Elev-

enth Circuit found that, at most, the taxpayer had only eight days to prepare and file a petition for redetermination and held that "[a]s a matter of law, eight days cannot be considered ample time in which to prepare a petition for redetermination." *Id.* at 1401. In this case, the Tax Court found, and appellants do not contest, that appellants were not prejudiced by having only 63 days to prepare and file a petition in the Tax Court.

1452

limitations period) and taxpayers who do not receive a misaddressed notice of deficiency because the Postal Service returns it to the Commissioner after the limitations period has expired. We conclude, however, that the distinction drawn is reasonable.

Congress' decision to toll the limitations period as of the time the Commissioner sends a notice, as opposed to when the taxpayer becomes aware of the notice, is reasonable because the date on which the Commissioner's notice is postmarked is more easily verified. Given Congress' decision that the date of *mailing* tolls the limitations period, a clearly rational distinction exists between those taxpayers that receive a notice mailed before the three-year period expires and those who do not.

AFFIRMED.