**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 21 2001**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ERIC E. SMITH,

      Petitioner - Appellant,

      and

DOROTHY M. SMITH,

      Petitioner,

      v.

COMMISSIONER OF INTERNAL
REVENUE,

      Respondent - Appellee.

No. 00-9032

---

**APPEAL FROM THE UNITED STATES TAX COURT**
**(Tax Court No. 10571-99)**

---

Charles S. Parnell (William R. Lambert, with him on the briefs), Lakewood, Colorado, appearing for Appellant.

Patricia M. Bowman, (David I. Pincus, with her on the brief), Attorneys, Tax Division, Department of Justice, Washington, D.C., appearing for Appellee.

---

Before **TACHA**, Chief Judge, **GARTH**[*], and **EBEL**, Circuit Judges.

---

[*] The Honorable Leonard I. Garth, Senior Circuit Judge, United States

(continued...)

**TACHA**, Chief Circuit Judge.

In March 1999, appellants Eric E. Smith and Dorothy M. Smith received a notice of deficiency for their 1995 taxes. The Smiths filed a petition for reconsideration with the United States Tax Court in June 1999, arguing that the notice was invalid and therefore failed to toll the statute of limitations. The Tax Court held that the notice was valid and tolled the statute of limitations. The taxpayers appealed. We exercise jurisdiction pursuant to I.R.C. § 7482(a)(1) and affirm.

## I.  Background

The Smiths timely filed their 1995 tax return. The limitations period for the Commissioner of Internal Revenue ("Commissioner") to assess a deficiency was therefore to expire on April 15, 1999. I.R.C. § 6501. On March 5, 1999, the Commissioner sent the Smiths a notice of deficiency by certified mail, which the Smiths received in mid-March. On April 29, 1999 – after the limitations period would have expired if not tolled by the mailing of the notice – the Smiths' counsel informed the Internal Revenue Service by telephone that the notice did not include dates in the sections entitled "Letter Date" and "Last Day to File a

[*](...continued)
Court of Appeals for the Third Circuit, sitting by designation.

-2-

Petition With the United States Tax Court" ("petition date").

On April 30, 1999, the IRS 90-Day Coordinator mailed a letter to the Smiths' counsel, which he received May 4. The letter acknowledged that the notice did not include date stamps in the sections for letter date and petition date. Enclosed was a copy of the notice, which had "March 5, 1999" stamped as the letter date and "June 3, 1999" as the petition date. On June 3, 1999, the Smiths mailed their petition for redetermination of the deficiency. The Tax Court received the petition and filed it as timely.

The parties submitted the case to the Tax Court on fully stipulated facts. The only issue was whether the omission of the petition date from the March 5 notice rendered the notice invalid and therefore insufficient to toll the limitations period. The Tax Court held that it did not.

## II. Discussion

Upon determination of a tax deficiency, the Commissioner "is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail." I.R.C. § 6212(a). The taxpayer has 90 days from the date of this mailing within which to file a petition for redetermination of the deficiency by the Tax Court. Id. § 6213(a). If the taxpayer files a petition within this time period, the Commissioner may not assess the deficiency until the Tax Court's decision has become final. Id.

Section 3463(a) of the Internal Revenue Service Restructuring Act of 1998 ("Restructuring Act") provides:

> The Secretary of the Treasury or the Secretary's delegate shall include on each notice of deficiency under section 6212 of the Internal Revenue Code of 1986 the date determined by such Secretary (or delegate) as the last day on which the taxpayer may file a petition with the Tax Court.

Pub. L. 105-206, § 3463(a), 112 Stat. 685, 767.[1] The Smiths claim that the omission of the petition date rendered their notice of deficiency invalid. Accordingly, they argue that the limitations period expired on April 15, 1999, and that the Commissioner therefore cannot assess a deficiency.

The limitations period for the assessment of tax deficiencies is three years from the date on which the taxpayer filed the return. I.R.C. § 6501(a). For purposes of determining the limitations period, a timely filed return is deemed to have been filed on the deadline for returns for the relevant year. Id. § 6501(b). Therefore, the Smiths' return for 1995 is deemed to have been filed on April 15, 1996, and the limitations period, if not tolled, expired on April 15, 1999.

The mailing of a notice of deficiency tolls the 3-year limitations period. I.R.C. § 6503(a)(1). Thus, if the notice mailed to the Smiths on March 5, 1999

---

[1] Section 3463, though not codified, has the force of law. 1 U.S.C. § 112 (stating that the "Statutes at Large shall be legal evidence of laws"); see also United States Nat'l Bank of Or. v. Indep. Ins. Agents of Am., 508 U.S. 439, 448 (1993) (stating that the Statutes at Large, not the United State Code, provide authoritative evidence that a statute has the force of law).

was valid, it tolled the limitations period. If the notice was not valid, the limitations period expired and the Commissioner cannot assess a deficiency for the Smiths' 1995 taxes.

The parties have stipulated all the relevant facts, and we review the legal question presented de novo. Duke Energy Natural Gas Corp. v. Comm'r, 172 F.3d 1255, 1258 (10th Cir. 1999).

Section 3463(a) of the Restructuring Act does not indicate what consequences result from the IRS's failure to conform to the section's mandate that every notice of deficiency "shall include" the petition date.[2] We find invalidation unnecessary, however, because there was no prejudice to the taxpayers, and because the legislative purpose does not support it. We therefore hold that the omission of dates did not invalidate the notice of deficiency and the limitations period was tolled from the date of mailing.

---

[2] We acknowledge that Congress has provided the following as to other requirements for a section 6212 notice:

> Any notice to which this section applies shall describe the basis for, and identify the amounts (if any) of, the tax due, interest, additional amounts, additions to the tax, and assessable penalties included in such notice. An inadequate description under the preceding sentence shall not invalidate such notice.

I.R.C. § 7522(a) (emphasis added). We decline to take the considerable inferential leap that would be required to hold that the Congress's failure either to add petition date to section 7522(a) or to include a similar caveat in section 3463(a) means that an omitted petition date invalidates a notice of deficiency.

We have previously held that even a flawed notice of deficiency tolls the statute of limitations as of the date of mailing if the taxpayer is not prejudiced by the flaw. Scheidt v. Comm'r, 967 F.2d 1448, 1450-51 (10th Cir. 1992) ("[A] notice of deficiency that is actually received without delay prejudicial to the taxpayer's ability to petition the Tax Court is sufficient to toll the statute of limitations as of the date of mailing."). In Scheidt, we held that mailing tolled the limitations period because, even though the IRS mailed the notice of deficiency to the wrong address, the taxpayers received it 63 days before the deadline to file their petition for redetermination and suffered no prejudice.[3] Id.

Similarly, the IRS's failure to include dates on the notice of deficiency here in no way prejudiced the Smiths. The Smiths received their notice of deficiency well in advance of the deadline for filing a petition. The notice of deficiency informed them that they had 90 days from the mailing date within which to file a petition. They filed a petition for redetermination in a timely manner, and they

---

[3] As the taxpayers point out, Scheidt dealt with the mailing of the notice, as opposed to the adequacy of the notice's contents. This distinction, however, does not affect our analysis. In fact, a mailing error, which affects whether and when the taxpayer receives notice, may tend to be more detrimental to the taxpayer than the omission of the petition date. Even without the petition date, the taxpayer receives notice of the Commissioner's deficiency determination and of the 90-day period for filing a petition. We do not, of course, suggest that the IRS may ignore Congress's mandate to provide the petition date. In the present case, however, we discern no principled basis for deviating from our rule in Scheidt that the relevant inquiry is whether the error prejudiced the taxpayer.

make no claim that the omission of the petition date from the notice in any way impaired their ability to file a petition.[4]

Moreover, the legislative purpose of section 3463(a) does not support invalidation in these circumstances. The Senate Finance Committee's report on the Restructuring Act states that the purpose of section 3463 is to ensure that taxpayers do not miss their filing deadlines because of simple miscalculation: "The Committee believes that taxpayers should receive assistance in determining the time period within which they must file a petition in the Tax Court and that taxpayers should be able to rely on the computation of that period by the IRS." S. Rep. 105-174, at 90 (1998), quoted in Rochelle v. Comm'r, 116 T.C. 356, 360 (2001). The statute further advances this purpose by providing that, if a notice indicates a petition date that is more than 90 days after the date of mailing, that date controls. Pub. L. 105-206, § 3463(b), 112 Stat. 685, 767.

In this case, the taxpayers received assistance from the IRS in determining the petition date. The IRS informed the Smiths of the petition date when it became aware of the date's omission from the notice, it provided them with this

_____

[4] Subsequent to its decision in the Smiths' case, the Tax Court considered a similar case in which the taxpayer failed to file a petition for redetermination until 56 days after the 90-day deadline. Rochelle v. Comm'r, 116 T.C. 356 (2001). In Rochelle, the court held that the notice was valid despite its omission of the petition date and that the petition was not timely filed. Id. Because the Smiths filed their petition for redetermination within the 90-day period, we need not address the situation presented in Rochelle.

information approximately one month before the petition date, and they in fact filed a timely petition. Thus, invalidation of the notice of deficiency would not serve section 3463's purpose.

### III. Conclusion

The stipulated facts reveal nothing more than an inadvertent mistake on the part of the IRS that caused no prejudice to the taxpayers. The circumstances of this case provide no basis for treating the notice of deficiency as invalid.

We therefore AFFIRM the decision of the Tax Court.