**Virgil B. ELINGS, Petitioner–Appellant,**

v.

**COMMISSIONER of INTERNAL REVENUE, Respondent–Appellee.**

No. 02–70457.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 4, 2003.

Filed April 8, 2003.

Gregory Arnold and John Ambrecht, Ambrecht & Associates, Santa Barbara, CA, for the petitioner-appellant.

Eileen J. O'Connor, Teresa E. McLaughlin and Patricia M. Bowman, United States Department of Justice, Washington, DC, for the respondent-appellee.

Before T.G. NELSON, SILVERMAN, and McKEOWN, Circuit Judges.

## OPINION

T.G. NELSON, Circuit Judge:

Virgil Elings appeals the tax court's denial of his motion to dismiss for lack of jurisdiction. We hold that when the Internal Revenue Service ("IRS") fails to include the last date to petition the tax court for a redetermination on its notice of deficiency, but the taxpayer suffers no prejudice, the notice is valid. Thus, the tax court's jurisdiction was proper, and we affirm.

## I. FACTS AND PROCEDURAL HISTORY

Virgil Elings filed a gift tax return in 1995, reporting a gift of stock valued at upwards of $2.5 million. On August 3, 1998, the IRS sent a notice of deficiency to Elings, indicating that he owed substantial additional taxes because the actual value of the gifted stock was more than twice what Elings reported. The notice was dated and indicated that Elings had ninety days in which to file a petition to contest the deficiency. However, it failed to include the calculated date by which Elings had to file the petition (the "calculated date").[1] Elings did not need the IRS's help to determine when he needed to file his petition. He timely filed and requested a redetermination of the deficiency. He also contested jurisdiction, arguing that the IRS's failure to include the calculated date divested the tax court of jurisdiction. His contention before the tax court, and now before this court, is that the Internal Revenue Restructuring and Reform Act of 1998 ("the Act") requires the IRS to provide the calculated date and that its failure to do so automatically invalidates the notice.

The tax court rejected Elings' argument, relying upon *Smith v. Commissioner.*[2] The parties agreed to settle, but Elings reserved the right to appeal the jurisdictional issue to this court.

## II. JURISDICTION AND STANDARD OF REVIEW

We have jurisdiction to review decisions of the tax court pursuant to 26 U.S.C. § 7482(a)(1). We review *de novo* the tax court's denial of a motion to dismiss for lack of jurisdiction.[3]

---

**1.** The Internal Revenue Service Restructuring and Reform Act of 1998 states that the IRS "shall include on each notice of deficiency . . . the date determined by [the IRS] as the last day on which the taxpayer may file a petition with the Tax Court." Pub.L. No. 105–206, § 3463(a), 112 Stat. 685, 767 (1998). Petitions filed by the date specified, even if not within the ninety days, "shall be treated as timely filed." *Id.* § 3463(b).

**2.** 114 T.C. 489, 2000 WL 730739 (2000), *aff'd,* 275 F.3d 912 (10th Cir.2001).

**3.** *Crawford v. Comm'r,* 266 F.3d 1120, 1123 (9th Cir.2001) (per curiam), *cert. denied,* 534

## III. ANALYSIS

We affirm the tax court. We now join the Fifth and Tenth Circuits and hold that the IRS's failure to include the calculated date does not invalidate the notice when the taxpayer suffers no prejudice.

### A. *Statutory Structure*

A brief explanation of the statutory structure involved in this dispute will prove useful. If the IRS determines that a taxpayer has not paid the correct amount in taxes, it issues a notice of deficiency.[4] The IRS may send a notice by either certified or registered mail.[5]

Taxpayers within the United States have ninety days after the notice is mailed to "file a petition with the Tax Court for a redetermination of the deficiency."[6] In 1998, Congress determined that taxpayers should have the IRS's assistance in determining when the ninety-day period will run[7] and passed the Act.[8] Section 3463 of the Act states that the IRS "shall include on each notice of deficiency ... the date determined by [the IRS] as the last day on which the taxpayer may file a petition with the Tax Court."[9] However, the Act does not specify the consequences for failure to include the calculated date.[10] Significantly, in another section, Congress provided that failure to include the required proper description of the deficiency does not invalidate a notice.[11] The Act further provides that a petition is timely if filed by the calculated date.[12]

■ The tax court's jurisdiction depends upon the validity of the notice. The tax court has jurisdiction only if two requirements are met: (1) the IRS issued a valid notice of deficiency, and (2) the petitioner filed a timely petition.[13] Elings asserts that the IRS's failure to include the calculated date renders the notice invalid.

### B. *Failure to Include Calculated Date does not Invalidate the Notice*

We conclude that the IRS's failure to include the calculated date does not invalidate a notice when the taxpayer suffers no prejudice as a result. Accordingly, we affirm the tax court.

■ Elings would have us hold that, because Congress specified that some failures to follow mandatory requirements do *not* invalidate a notice of deficiency, when Congress is silent about a mandatory requirement, the IRS's failure must invalidate the notice. We decline to so hold. In other contexts, the Supreme Court and this court have held that, when Congress fails to specify a consequence for an agency's failure to follow mandatory require-

---

U.S. 1135, 122 S.Ct. 1080, 151 L.Ed.2d 980 (2002).

**4.** I.R.C. § 6212(a).

**5.** *Id.* It is normally sufficient to send the notice to the taxpayer's last known address. *See id.* § 6212(b).

**6.** hI.R.C. § 6213(a).

**7.** *Rochelle v. Comm'r,* 116 T.C. 356, 360, 2001 WL 548942 (2001) (" 'The Committee believes that taxpayers should receive assistance in determining the time period within which they must file a petition in the Tax Court and that taxpayers should be able to rely on the computation of that period by the IRS.' ") (quoting S. Rep. 105–174, at 90 (1998), 1998–

3 C.B. 537, 626), *aff'd,* 293 F.3d 740 (5th Cir.2002) (per curiam)).

**8.** Pub.L. No. 105–206, § 3463(a), 112 Stat. 685, 767 (1998).

**9.** *Id.*

**10.** *Smith,* 114 T.C. at 492.

**11.** I.R.C. § 7522(a).

**12.** Pub.L. No. 105–206, § 3463(b), 112 Stat. 685, 767.

**13.** *Scar v. Comm'r,* 814 F.2d 1363, 1366 (9th Cir.1987).

ments, the failure does not render the agency's action ineffectual.[14] Obedient to this instruction, we conclude that the IRS's failure to include the calculated date does not invalidate the notice.

■■■■ The minor and technical nature of the error and the lack of prejudice in this case further supports our conclusion. Nonprejudicial minor or technical errors in a notice do not invalidate the notice.[15] Major errors, such as those that show the IRS failed to comply with the most fundamental statutory mandate, can invalidate a notice.[16] However, these errors are quite rare. The failure to include the calculated date, when the notice was dated and instructed Elings that he had ninety days in which to file his petition, was a non-prejudicial minor or technical error. Therefore, the error did not invalidate the notice.

Finally, we draw support for our conclusion from our sister circuits. The two circuits to address this issue, the Fifth and the Tenth Circuits, have both concluded that the failure to include the calculated date does not invalidate the notice.[17] The Tenth Circuit, in *Smith*, specifically rejected Elings' argument: "We decline to take the considerable inferential leap that would be required to hold that the Congress's failure either to add petition date to section 7522(a) or to include a similar caveat in section 3463(a) means that an omitted petition date invalidates a notice of deficiency."[18] The court observed that

14. *See United States v. James Daniel Good Real Prop.*, 510 U.S. 43, 63–65, 114 S.Ct. 492, 126 L.Ed.2d 490 (1993); *Brock v. Pierce County*, 476 U.S. 253, 258–62, 106 S.Ct. 1834, 90 L.Ed.2d 248 (1986) (holding, when addressing an agency's mandatory duty to act within a certain time period, that "courts should not assume that Congress intended the agency to lose its power to act" for failure to follow even mandatory statutory requirements when Congress has not so stated); *see also Intercontinental Travel Mktg., Inc. v. FDIC*, 45 F.3d 1278, 1284–85 (9th Cir.1994) (concluding that FDIC's failure to comply with mandatory statutory requirement of mailing a notice, when the failure was merely negligent, did not justify precluding the agency from further action).

15. *See McKay v. Comm'r*, 886 F.2d 1237, 1238–39 (9th Cir.1989) (holding that IRS's failure to send the notice to petitioner's last known address did not invalidate the notice where the petitioner received actual notice of the contents); *Miller v. Comm'r*, 94 T.C. 316, 318–19, 321–22, 330–31, 1990 WL 20813 (1990) (concluding that IRS's failure to send the notice to petitioner's last known address after it had knowledge of her separation from her husband did not invalidate the notice where she timely filed her petition). *Cf. Mulvania v. Comm'r*, 769 F.2d 1376, 1380 (9th Cir.1985) ("The IRS is not forgiven for its clerical errors or for mailing notice to the wrong party *unless the taxpayer, through his*

*own actions, renders the [IRS's] errors harmless.*") (emphasis added).

Drawing a distinction between major errors that invalidate a notice and minor errors that do not is consistent with the purpose of the statute, which is "to provide the taxpayer with actual notice of the deficiency in a timely manner, so that the taxpayer will have an opportunity to seek a redetermination of such deficiency in the prepayment forum offered by th[e Tax] Court." *Rochelle*, 116 T.C. at 359–60.

16. *See Scar*, 814 F.2d at 1364–66, 1368–69 (holding that, where notice on its face showed that the IRS had not determined a deficiency because notice itself showed that the IRS had not reviewed petitioners' tax return and had identified a tax shelter in which the petitioners did not even participate, the notice was invalid and the tax court lacked jurisdiction); *see also GAF Corp. & Subsidiaries v. Comm'r*, 114 T.C. 519, 528, 2000 WL 863148 (2000) (noting that notices are invalid when they purport to deal with partnership items because the IRS lacks the authority to assess a deficiency on such items).

17. *See Rochelle v. Comm'r*, 293 F.3d 740 (5th Cir.2002) (per curiam) (affirming the tax court's decision that the notice was valid even absent the calculated date); *Smith v. Comm'r*, 275 F.3d 912 (10th Cir.2001).

18. *Smith*, 275 F.3d at 915 n. 2.

flawed notices, if not prejudicial, are nonetheless valid and concluded that petitioners suffered no prejudice because they timely filed their petition.[19]  Additionally, the court concluded that the legislative purpose of the Act supported the court's holding that a petitioner must show prejudice to invalidate a notice.[20]  The *Smith* decision is well reasoned, and provides further support for our conclusion.

### IV.  CONCLUSION

We affirm the tax court.  We hold that, in the absence of prejudice, the IRS's failure to include the calculated date on a notice of deficiency does not render the notice invalid.

AFFIRMED.

**19.**  *Id.* at 915.

**20.**  *Id.* at 915–16.