T.C. Memo. 2006-18

UNITED STATES TAX COURT

KIMBERLEY A. PARLIN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4904-05.                    Filed February 6, 2006.

<u>Stephen K. Midgley</u>, for petitioner.

<u>Louise R. Forbes</u>, for respondent.


MEMORANDUM OPINION

THORNTON, <u>Judge</u>:  This case is before us on respondent's
motion to dismiss for lack of jurisdiction.  For the reasons
stated below, we must grant respondent's motion.

<u>Background</u>

On February 11, 2004, petitioner executed Form 2848, Power
of Attorney and Declaration of Representative, appointing

Stephen K. Midgley (Mr. Midgley) as her attorney in fact.  The Form 2848 states that "Original notices and other written communications will be sent to you and a copy" to the listed representative, unless a box were checked indicating that the taxpayer wanted a different arrangement.  Petitioner left unchecked the box on the Form 2848 whereby she could have indicated that she wanted Mr. Midgley to receive the original, and herself a copy, of such notices or communications.[1]

By Final Notice dated November 29, 2004, respondent denied petitioner's request for relief from joint and several liability pursuant to section 6015.[2]  Respondent sent the Final Notice to petitioner's last known address, the address shown on the Final Notice, by certified mail.  On December 10, 2004, petitioner faxed a partial copy of the Final Notice to Mr. Midgley.

On March 14, 2005, petitioner filed her petition, postmarked March 7, 2005, challenging respondent's adverse determination in the Final Notice.  On June 28, 2005, respondent filed a motion to dismiss this case for lack of jurisdiction.  On August 3, 2005, petitioner filed her objection to respondent's motion.  On October 17, 2005, a hearing was held on respondent's motion.

---

[1] Petitioner also left unchecked the box whereby she could have indicated that she wanted no notices or communications sent to Mr. Midgley.

[2] Unless otherwise indicated, all section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Discussion

The jurisdiction of this Court depends on the timely filing of a petition. Rule 13(c). Section 6015(e)(1)(A) requires that a petition to determine relief from joint and several liability must be filed no later than the close of the 90th day after "the date the Secretary mails, by certified or registered mail to the taxpayer's last known address, notice of the Secretary's final determination of relief available to the individual".

It is undisputed that the Final Notice denying petitioner's administrative request for relief from joint and several liability was sent to petitioner's last known address by certified mail on November 29, 2004. Thus, pursuant to section 6015(e)(1)(A)(ii), the petition was required to be filed by the close of February 27, 2005. The petition was postmarked March 7, 2005, and was not filed until March 14, 2005. Accordingly, the petition was untimely, and this case must be dismissed for lack of timely filing of a petition.

In opposing respondent's motion to dismiss, petitioner alleges various procedural defects in respondent's issuance of the Final Notice. Any such procedural defects, however, would not operate to give this Court jurisdiction where the petition was not filed in the 90-day period prescribed by section 6015(e)(1)(A); at most, such procedural defects might implicate an issue as to whether this case should be dismissed for

respondent's failure to issue a valid Final Notice, rather than for lack of timely filing of a petition. See Keeton v. Commissioner, 74 T.C. 377, 379 (1980) (involving failure to file a timely petition challenging a notice of deficiency under section 6213(a)). As discussed below, petitioner has not shown that respondent failed to issue a valid Final Notice.

Petitioner alleges that respondent never sent a copy of the Final Notice directly to Mr. Midgley, as directed on petitioner's Form 2848. Petitioner contends that pursuant to Massachusetts law, respondent's alleged failure to give notice to petitioner's counsel was "an unfair and deceptive trade practice".

The Form 2848, as executed by petitioner, did not authorize respondent to mail an original document to Mr. Midgley, nor did it indicate that she had moved to a new address. Accordingly, it did not change petitioner's last known address for purposes of section 6015(e)(1)(A)(ii) or otherwise affect the mailing requirements of that section. See Houghton v. Commissioner, 48 T.C 656, 661 (1967) (similarly construing mailing requirements for notices of deficiency under section 6212). Respondent's alleged failure to send a copy of the Final Notice to petitioner's attorney did not extend the 90-day filing period. See id.; Allen v. Commissioner, 29 T.C. 113, 117 (1957).

Petitioner acknowledges that she received the Final Notice dated November 29, 2004, but complains vaguely that she did not

receive it "until later in time". Under the statute, however, it is the mailing and not the taxpayer's receipt (which almost inevitably will be later) of the Final Notice that starts the running of the 90-day period. In any event, petitioner obviously had received the Final Notice by December 10, 2004, when she faxed at least part of it to Mr. Midgley.

Petitioner alleges that the Final Notice failed to state a 90-day time period for filing a petition in the Tax Court. The evidence on this point is inconclusive.[3] Section 6015, however, contains no requirement that the notice of the Secretary's final determination of relief specify the time period in which the taxpayer must petition the Tax Court.[4] Accordingly, failure to specify such a time period does not render the Final Notice

---

[3] The only copy of the Final Notice that has been submitted to the Court appears to be the partial copy that petitioner faxed to Mr. Midgley on Dec. 10, 2004. At the hearing, Mr. Midgley indicated that petitioner had failed to "fax both sides of the page. Apparently, she wasn't aware that there were two sides to the page".

[4] By contrast, in notices of deficiency mailed after Dec. 31, 1998, the IRS is required to specify the date determined by the IRS as the last day on which the taxpayer may file a petition with the Tax Court. Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, sec. 3463(a), 112 Stat. 767. Respondent's failure to provide the petition date as required, however, has not been construed to render the notice of deficiency invalid. Rochelle v. Commissioner, 116 T.C. 356 (2001), affd. 293 F.3d 740 (5th Cir. 2002); Smith v. Commissioner, 114 T.C. 489 (2000), affd. 275 F.3d 912 (10th Cir. 2001).

invalid or alter the 90-day filing period pursuant to section 6015(e)(1)(A).

Mr. Midgley contends that an IRS employee informed him that he had until March 17, 2005, to petition the Tax Court. Erroneous legal advice by an IRS employee, however, does not generally bind the Commissioner and does not affect, by estoppel or otherwise, the jurisdictional requirement for a timely filed petition. See Elgart v. Commissioner, T.C. Memo. 1996-379 (and cases cited therein).

In any event, it was petitioner's and Mr. Midgley's responsibility to file the petition on time. When petitioner faxed him the partial copy of the Final Notice, Mr. Midgley had 79 days left to file a petition in the Tax Court. Mr. Midgley holds himself out as an experienced attorney who has "filed many applications for innocent spouse relief in the past". We do not find convincing or satisfactory Mr. Midgley's unquestioning reliance on informal advice provided by an IRS employee as to the critical date for filing the Tax Court petition. Nor is petitioner availed by Mr. Midgley's proffered explanation that he was unable to file the petition on time because of his "workload".

Accordingly, we must grant respondent's motion to dismiss for lack of jurisdiction for lack of timely filing of a petition.

<u>An appropriate order</u>

<u>of dismissal will be entered</u>.