140 T.C. No. 11

UNITED STATES TAX COURT

JOHN C. HOM & ASSOCIATES, INC., Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14081-11.                                      Filed May 7, 2013.

R moved to dismiss the proceeding for lack of jurisdiction because petitioner's corporate powers were suspended at the time the petition was filed. Petitioner contends that the notice of deficiency is invalid for failing to include the address and telephone number of the local office of the National Taxpayer Advocate and that inclusion of a Web page link is inadequate compliance with I.R.C. sec. 6212.

Held: The notice was not invalid. The motion to dismiss will be granted.

John C. Hom (an officer), for petitioner.

Sarah E. Sexton, for respondent.

OPINION

COHEN, <u>Judge</u>:  This case is before the Court on respondent's motion to dismiss for lack of jurisdiction.  The issues for decision are whether the notice of deficiency was invalid for failing to include the address and telephone number of the local office of the National Taxpayer Advocate, as directed by section 6212(a), and whether the case should be dismissed for lack of jurisdiction because petitioner's corporate status was suspended at the time the petition was filed.  All section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure.

<u>Background</u>

Petitioner was incorporated in California on April 2, 1986.  The California Franchise Tax Board suspended the powers, rights, and privileges of petitioner on March 1, 2004.  The suspension remained in effect until April 13, 2012.

In a notice of deficiency sent March 16, 2011, respondent determined deficiencies, additions to tax, and penalties as follows:

| Year | Deficiency | Penalty sec. 6662 (a) | Penalty sec. 6654(a)(1) |
|------|-----------|-----------------------|--------------------------|
| 2005 | $38,520 | $7,704.00 | $9,630.00 |
| 2006 | 47,072 | 9,414.40 | 11,768.00 |
| 2007 | 27,354 | 5,470.00 | 6,838.50 |
| 2008 | 27,886 | 5,577.20 | 6,971.50 |
| 2009 | 28,251 | 5,650.20 | 7,104.75 |

The notice of deficiency included the following paragraph:

The contact person can access your tax information and help you get answers. You also have the right to contact the office of the Taxpayer Advocate. Taxpayer Advocate assistance is not a substitute for established IRS procedures such as the formal appeals process. The Taxpayer Advocate is not able to reverse legally correct tax determinations, nor extend the time fixed by law that you have to file a petition in the U.S. Tax Court. The Taxpayer Advocate can, however, see that a tax matter that may not have been resolved through normal channels gets prompt and proper handling. If you want Taxpayer Advocate assistance, please contact the Taxpayer Advocate for the IRS office that issued this notice of deficiency. Please visit our website at www.irs.gov/advocate/content/0,,id=150972,00.html for the Taxpayer Advocate telephone numbers and addresses for this location.

The petition was filed June 13, 2011. After the case was set for trial, respondent filed a motion to dismiss for lack of jurisdiction pointing out suspension of petitioner's corporate privileges as of the time the petition was filed. Petitioner first objected to the motion on the ground that the suspension had ended. When the motion was heard, however, petitioner argued that the notice of deficiency was

invalid for failure to comply with the provision of section 6212(a) that a notice of deficiency "shall include a notice to the taxpayer of the taxpayer's right to contact a local office of the taxpayer advocate and the location and phone number of the appropriate office."

## Discussion

Prerequisites to the deficiency jurisdiction of this Court are a valid notice of deficiency and a timely petition. Rule 13(a), (c); see, e.g., Monge v. Commissioner, 93 T.C. 22, 27 (1989); Abeles v. Commissioner, 91 T.C. 1019, 1025 (1988). If either a valid notice or a timely petition is lacking, the petition will be dismissed for lack of jurisdiction. The ground for lack of jurisdiction is generally stated, however, because the consequences of our holding the Commissioner may proceed to assess the taxes that have been determined would be that the taxpayer may challenge the determination on the merits only by making payment, filing a claim for refund, and seeking a judicial remedy in a refund forum. See, e.g., DeWelles v. United States, 378 F.2d 37, 39 (9th Cir. 1967); Pietanza v. Commissioner, 92 T.C. 729, 735-736 (1989), aff'd without published opinion, 935 F.2d 1282 (3d Cir. 1991); McKay v. Commissioner, 89 T.C. 1063, 1067 (1987), aff'd, 886 F.2d 1237 (9th Cir. 1989); Keeton v. Commissioner, 74 T.C. 377, 379 (1980).

Validity of the Notice of Deficiency

Petitioner contends that the statutory notice of deficiency is invalid because the inclusion of a Web site address where the address and telephone number of the local office of the National Taxpayer Advocate may be found does not comply with the applicable statute. The language petitioner relies on is the last sentence of section 6212(a) and was added by the Internal Revenue Service Restructuring and Reform Act of 1998 (RRA 98), Pub. L. No. 105-206, sec. 1102(b), 112 Stat. at 698. That section now appears as follows:

> SEC. 6212. NOTICE OF DEFICIENCY.
>
> (a) In General.--If the Secretary determines that there is a deficiency in respect of any tax imposed by subtitle A or B or chapter 41, 42, 43, or 44, he is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail. Such notice shall include a notice to the taxpayer of the taxpayer's right to contact a local office of the taxpayer advocate and the location and phone number of the appropriate office.

Although the adequacy of the content of a notice of deficiency has frequently been litigated, courts have held repeatedly that a notice of deficiency is valid if it notifies the taxpayer that a deficiency has been determined and gives the taxpayer the opportunity to petition this Court for redetermination of the proposed deficiency. See Frieling v. Commissioner, 81 T.C. 42, 53 (1983); Perlmutter v. Commissioner, 44 T.C. 382 (1965), aff'd, 373 F.2d 45 (10th Cir. 1967). A notice

is invalid for this purpose only where the notice discloses on its face that there has been no determination. See Clapp v. Commissioner, 875 F.2d 1396, 1400 (9th Cir. 1989) (distinguishing Scar v. Commissioner, 814 F.2d 1363 (9th Cir. 1987), rev'g 81 T.C. 855 (1983)). Mistakes in a notice will not invalidate it if there is no prejudice to the taxpayer. Elings v. Commissioner, 324 F.3d 1110 (9th Cir. 2003).

In Smith v. Commissioner, 114 T.C. 489, 491 (2000), aff'd, 275 F.3d 912 (10th Cir. 2001), we addressed whether the failure to include in the notice the date a petition was due invalidated the notice. The requirement to include the last day to file the petition was also added by RRA 98 sec. 3463, 112 Stat. at 767, and is stated as follows: "The Secretary of the Treasury or the Secretary's delegate shall include on each notice of deficiency under section 6212 of the Internal Revenue Code of 1986 the date determined by such Secretary (or delegate) as the last day on which the taxpayer may file a petition with the Tax Court."

Here, as in Smith, section 6212 does not specify that a notice sent without the specified information is invalid. As in Smith, there was no prejudice shown by petitioner. The information described in section 6212(a) was made available to the addressee of the notice, although in a manner that may not be sufficient for a

taxpayer without access to a computer or knowledge of how to access a Web site. The notice, however, was not misleading, and petitioner was able to file, and did file, a timely petition.

The Court of Appeals for the Ninth Circuit reached the same result in Elings v. Commissioner, 324 F.3d at 1112-1113, explaining:

> In other contexts, the Supreme Court and this court have held that, when Congress fails to specify a consequence for an agency's failure to follow mandatory requirements, the failure does not render the agency's action ineffectual.[14] Obedient to this instruction, we conclude that the IRS's failure to include the calculated date does not invalidate the notice.
>
> The minor and technical nature of the error and the lack of prejudice in this case further supports our conclusion. Non-prejudicial minor or technical errors in a notice do not invalidate the notice. Major errors, such as those that show the IRS failed to comply with the most fundamental statutory mandate, can invalidate a notice. However, these errors are quite rare. The failure to include the calculated date, when notice was dated and instructed Elings that he had ninety days in which to file his petition, was a non-prejudicial minor or technical error. Therefore, the error did not invalidate the notice. [Additional fn. refs. omitted.]
>
> [14]See United States v. James Daniel Good Real Prop., 510 U.S. 43, 63-65, 114 S.Ct. 492, 126 L.Ed.2nd 490 (1993); Brock v. Pierce County, 476 U.S. 253, 258-62, 106 S.Ct. 1834, 90 L.Ed.2d 248 (1986) (holding, when addressing an agency's mandatory duty to act within a certain time period, that "courts should not assume that Congress intended the agency to lose its power to act" for failure to follow even mandatory statutory requirements when Congress has not so stated); see also Inter-continental Travel Mktg., Inc. v. FDIC, 45 F.3d 1278, 1284-85 (9th Cir. 1994) (concluding that FDIC's failure to comply

with mandatory statutory requirement of mailing a notice, when the failure was merely negligent, did not justify precluding the agency from further action).

The Court of Appeals for the Ninth Circuit specifically agreed with the analysis by the Court of Appeals for the Tenth Circuit in affirming Smith v. Commissioner, 275 F.3d 912, and with the Court of Appeals for the Fifth Circuit reaching the same result in Rochelle v. Commissioner, 293 F.3d 740 (5th Cir. 2002), aff'g 116 T.C. 356, 362-363 (2001).

The rationale of Smith and Elings applies at least as much to this case. There was no prejudice to petitioner. Petitioner does not allege that any attempt to contact the local office of the National Taxpayer Advocate was made. Moreover, it is apparent from the record that petitioner's officer and shareholder is adept at Internet research and could easily have accessed the Web site to locate the appropriate local office of the National Taxpayer Advocate. We conclude that the notice of deficiency was valid.

We have considered the case petitioner cites, Marangi v. Gov't of Guam, 319 F. Supp. 2d 1179 (D. Guam 2004). The notice in question, and held invalid there, did not include any reference to the taxpayer's right to contact a local office of the National Taxpayer Advocate, and there was no such office in Guam at the time. Thus the taxpayer was prejudiced by the denial of a right described by the District

Court as meaningful assistance and protection, significant and important. Id. at 1184. That case is distinguishable and, in any event, not precedential.

Corporate Capacity To File Petition

Rule 60(c) states in part: "The capacity of a corporation to engage in such litigation [in this Court] shall be determined by the law under which it was organized." Petitioner's corporate capacity was suspended at the time the petition was filed on June 13, 2011, and was not reinstated until April 2012, shortly before trial. Under the same scenario, in David Dung Le, M.D., Inc. v. Commissioner, 114 T.C. 268 (2000), aff'd, 22 Fed. Appx. 837 (9th Cir. 2001), interpreting California law, we concluded that the Court lacked jurisdiction. That case is controlling here. Respondent's motion to dismiss for lack of jurisdiction will be granted.

To reflect the foregoing,

An appropriate order of dismissal

for lack of jurisdiction will be entered.