**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| RAGHVENDRA SINGH, | Nos. 13-71662, 13-73680 |
| Petitioner - Appellant, | Tax Ct. Nos. 1633-13, 12426-13 |
| v. | |
| COMMISSIONER OF INTERNAL REVENUE, | MEMORANDUM* |
| Respondent - Appellee. | |

| | |
|---|---|
| RAGHVENDRA SINGH; KIRAN RAWAT, | No. 15-70762 |
| Petitioners - Appellants, | Tax Ct. No. 25457-14 |
| v. | |
| COMMISSIONER OF INTERNAL REVENUE, | |
| Respondent - Appellee. | |

| | |
|---|---|
| RAGHVENDRA SINGH, | No. 15-15840 |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

v.

UNITED STATES OF AMERICA;
INTERNAL REVENUE SERVICE,

Defendants - Appellees.

D.C. No. 2:13-cv-00780-TLN-EFB

Appeals from Decisions of the Tax Court and
from the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Submitted November 18, 2015[**]

Before:     TASHIMA, OWENS, and FRIEDLAND, Circuit Judges.

In these consolidated appeals, Raghvendra Singh and Kiran Rawat

("taxpayers") appeal pro se from Tax Court orders dismissing their petitions for

lack of subject matter jurisdiction.  Singh also appeals pro se from the district

court's order dismissing for lack of jurisdiction his action seeking to enjoin the

collection of taxes and for damages.  We have jurisdiction under 28 U.S.C. § 1291

and 26 U.S.C. § 7482(a)(1).  We review de novo dismissals for lack of subject

matter jurisdiction, and for clear error factual findings.  *Meruelo v. Comm'r*, 691

F.3d 1108, 1114 (9th Cir. 2012) (tax court decision); *Robinson v. United States*,

---

[**]     The panel unanimously concludes these cases are suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

13-71662

586 F.3d 683, 685 (9th Cir. 2009) (district court decision). We may affirm on any ground supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm.

The Tax Court properly concluded that it lacked jurisdiction over Tax Ct. Nos. 1633-13, 12426-13, and 25457-14 because taxpayers did not file a timely petition for redetermination. *See* 26 U.S.C. § 6213(a) (petition for redetermination must be filed "[w]ithin 90 days . . . after the notice of deficiency . . . is mailed"); *Elings v. Comm'r*, 324 F.3d 1110, 1112 (9th Cir. 2003) ("The tax court has jurisdiction only if two requirements are met: (1) the IRS issued a valid notice of deficiency, and (2) the petitioner filed a timely petition."); *Williams v. Comm'r*, 935 F.2d 1066, 1067 (9th Cir. 1991) ("A notice of deficiency is valid if it is mailed to the taxpayer's last known address even if it is not received by the taxpayer[.]").

The Tax Court properly determined in Tax Ct. Nos. 1633-13, 12426-13, and 25457-14 that there was no other reviewable determination concerning respondent's collection actions. *See* 26 U.S.C. §§ 6320(c), 6330(d) (conferring jurisdiction to the Tax Court for review of a lien or levy after the Internal Revenue Service issues a determination based upon a collection due process hearing).

The Tax Court properly determined that it had no jurisdiction to decide taxpayers' motion to restrain, filed in Tax Ct. No. 25457-14, in the absence of any

proceeding over which the Tax Court had jurisdiction. *See* 26 U.S.C. § 6330(e) ("The Tax Court shall have no jurisdiction . . . to enjoin any action or proceeding unless a timely appeal has been filed under subsection (d)(1)[.]"); *see also* 26 U.S.C. § 6213(a) ("The Tax Court shall have no jurisdiction to enjoin any action or proceeding or order any refund under this subsection unless a timely petition for a redetermination of the deficiency has been filed[.]").

The district court properly concluded that Singh's claims for injunctive relief were barred by the Anti-Injunction Act, 26 U.S.C. § 7421(a), because Singh seeks to restrain the government's tax assessment and collection activities, and no exception to the Act applies. *See Elias v. Connett*, 908 F.2d 521, 523 (9th Cir. 1990) ("The district court must dismiss for lack of subject matter jurisdiction any suit that does not fall within one of the exceptions to the Act."); *see also* 26 U.S.C. § 7421(a) (listing statutory exceptions to the Act); *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7 (1962) (discussing limited judicial exception to the Act).

The district court properly concluded that to the extent Singh's complaint could be construed as seeking a tax refund, the district court lacked jurisdiction over his claim because Singh did not allege that he had paid the taxes in full and filed a claim for refund. *See* 26 U.S.C. §§ 6532(a)(1) & 7422(a) (setting forth

13-71662

administrative remedies for refund actions); *Flora v. United States*, 362 U.S. 145, 177 (1960) (full payment of assessment required before filing suit).

The district court properly rejected Singh's contention that he could assert a claim for damages under 26 U.S.C. § 7433 because Singh failed to allege a violation of a statute or regulation entitling him to damages. *See id.* § 7433(a), (d) (discussing scope of right to file civil action for damages for unauthorized collection actions); *Miller v. United States*, 66 F.3d 220, 222-23 (9th Cir. 1995) (taxpayer cannot seek damages under § 7433 for improper assessment of taxes).

We reject as unsupported Singh's contentions regarding extrinsic fraud and due process violations.

Singh's request for oral argument, filed on May 8, 2015, is denied.

**AFFIRMED.**