NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 6 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-35078 |
| Plaintiff-Appellee, | D.C. No. 9:17-cv-00072-DWM |
| v. | |
| MALCOLM WAYNE BIRDSONG; M. W. BIRDSONG; WAYNES' GROUP, | MEMORANDUM[*] |
| Defendants-Appellants, | |
| and | |
| MISSOULA COUNTY; ENOCH INVESTMENTS LLC, | |
| Defendants. | |

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Submitted May 4, 2020[**]
Portland, Oregon

Before: SCHROEDER, WATFORD, and HURWITZ, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Malcolm Wayne Birdsong and Waynes' Group, Birdsong's controlled corporation (collectively "Birdsong"), appeal from a district court judgment in favor of the government in this suit about unpaid income taxes. Birdsong challenges the denial of a motion to exclude evidence and the grant of summary judgment for the government. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1. The district court did not abuse its discretion in refusing to exclude evidence that a notice of tax deficiency was sent to Birdsong by certified mail. *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1105–06 (9th Cir. 2001) (stating standard of review). The government's untimely supplemental disclosure of a copy of the certified mail envelope was harmless.[1] *See* Fed. R. Civ. P. 37(c)(1). The government had previously produced another copy of an envelope sent to Birdsong's last known address. *See R & R Sails, Inc. v. Ins. Co. of Pa.*, 673 F.3d 1240, 1247–48 (9th Cir. 2012) (approving consideration of "the surprise to the party against whom the evidence would be offered"). And, the district court granted Birdsong an extension of time to inspect the supplemental disclosure and respond to the government's summary judgment motion. *See id.* at 1248 (approving consideration of "the possibility that a continuance would cure prejudice to the opposing party"). The court also noted that the delay in disclosure was brief and

---

[1] Because the government provided a description of the document "by category and location," it was not required to produce a copy of the envelope with its initial disclosures. *See* Fed. R. Civ. P. 26(a)(1)(A)(ii).

2

would result in minimal disruption to the court's schedule.

2. The district court did not err in granting summary judgment in favor of the government. Because the district court properly considered the certified envelope mailed to Birdsong's last known address, the government met its burden of establishing that notice was sent to the taxpayer. *See* 26 U.S.C. § 6212(a), (b)(1); *Elings v. Comm'r*, 324 F.3d 1110, 1112 & n.5 (9th Cir. 2003). Birdsong proffered no evidence to the contrary.

**AFFIRMED.**