NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GEORGE J. SMITH; SHEILA ANN
SMITH,

               Petitioners-Appellants,

  v.

COMMISSIONER OF INTERNAL
REVENUE,

               Respondent-Appellee.

No. 22-70200

Tax Ct. No. 10759-20

MEMORANDUM[*]

Appeal from a Decision of the
United States Tax Court

Submitted October 16, 2024[**]

Before:     SILVERMAN, R. NELSON, and MILLER, Circuit Judges.

George J. Smith and Sheila Ann Smith appeal pro se from the Tax Court's

summary judgment upholding the Commissioner of Internal Revenue's

determination of deficiency for tax year 2016. We have jurisdiction under 26

U.S.C. § 7482(a)(1). We review de novo. *Sollberger v. Comm'r*, 691 F.3d 1119,

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1123 (9th Cir. 2012). We affirm.

The Tax Court properly granted summary judgment for the Commissioner because the Commissioner introduced evidence of its deficiency determination, and the Smiths failed to raise a genuine dispute of material fact as to whether the determination was invalid. *See Palmer v. IRS*, 116 F.3d 1309, 1312 (9th Cir. 1997) (explaining that the IRS's deficiency determinations are entitled to the presumption of correctness unless the taxpayer submits competent evidence that the assessments were "arbitrary, excessive, or without foundation"); *Parkinson v. Comm'r*, 647 F.2d 875, 876 (9th Cir. 1981) (stating summary judgment standard under Tax Court Rule 121(d)); *see also* 26 U.S.C. § 61(a) (defining gross income as "all income from whatever source derived"); *Hardy v. Comm'r*, 181 F.3d 1002, 1005 (9th Cir. 1999) (affirming IRS determination of unreported income based on third-party reporting); *Maisano v. United States*, 908 F.2d 408, 409 (9th Cir. 1990) (recognizing that this court has rejected multiple variations of the "wages are not income" argument). We reject as meritless the Smiths' contentions that the Tax Court failed to hold the Commissioner to the appropriate burdens.

The Tax Court properly denied the Smiths' motion to dismiss for lack of jurisdiction because the Commissioner mailed a valid notice of deficiency. *See* 26 U.S.C. § 6212; *Urban v. Comm'r*, 964 F.2d 888, 889-90 (9th Cir. 1992) (explaining that no particular form or signature is required for a valid notice of

deficiency and the Commissioner's compliance with Internal Revenue Manual requirements is not mandatory); *see also Elings v. Comm'r*, 324 F.3d 1110, 1111 (9th Cir. 2003) (standard of review).

The Tax Court did not abuse its discretion by denying the Smiths' motion in limine and considering the exhibits offered in support of the Commissioner's motion for summary judgment because the Smiths did not show that the material cited by the Commissioner could not be presented in an admissible form. *See* T.C. R. 121(c)(2) (providing that a party may object to materials cited in support of summary judgment on the ground that they cannot be presented in a form that would be admissible); Fed. R. Evid. 803(6) (admissibility of business records); Fed. R. Evid. 902(11) (describing circumstances in which "certified domestic records of a regularly conducted activity" are self-authenticating); *Sparkman v. Comm'r*, 509 F.3d 1149, 1156 (9th Cir. 2007) (standard of review).

The Tax Court did not abuse its discretion by denying the Smiths' motion to compel because the Smiths did not demonstrate actual and substantial prejudice. *See* 26 U.S.C. § 7482(a) (tax court decisions reviewed in same manner as decisions from district courts in civil cases); *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (setting forth standard of review and explaining that a district court's decision to deny discovery will not be disturbed except upon a clear showing that

denial of discovery results in actual and substantial prejudice).

**AFFIRMED.**