T.C. Memo. 2006-192

UNITED STATES TAX COURT

WOODROW REYNOLDS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 17810-04L.          Filed September 11, 2006.

P filed a petition for judicial review pursuant to
sec. 6330, I.R.C., in response to a determination by R
that levy action is appropriate.

<u>Held</u>:  Because P has advanced only frivolous
arguments, R's determination to proceed with collection
action is sustained.

<u>Held</u>, <u>further</u>, a penalty pursuant to sec. 6673(a),
I.R.C., is due from P and is awarded to the United
States in the amount of $1,500.

Woodrow Reynolds, pro se.

<u>Timothy S. Murphy</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

WHERRY, Judge:  This case is before the Court on a petition for judicial review of a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330.  The issues for decision are:  (1) Whether respondent may proceed with collection action as so determined; and (2) whether the Court should sua sponte impose a penalty pursuant to section 6673(a).[1]

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulations of the parties, with accompanying exhibits, are incorporated herein by this reference.  At the time this petition was filed, petitioner resided in Muskegon, Michigan.

For the 1999 and 2000 taxable years, petitioner submitted to the Internal Revenue Service (IRS) Forms 1040, U.S. Individual Income Tax Return, that contained entirely zeros.  On October 2, 2002, respondent issued to petitioner a notice of deficiency for the 2000 taxable year showing a deficiency of $19,566 and a penalty pursuant to section 6662(a) and (b)(1) of $3,913.20.  On November 27, 2002, respondent issued to petitioner a notice of deficiency for the 1999 taxable year that showed a deficiency of $14,611 and additions to tax pursuant to sections 6651(a)(1) and 6654(a) of $3,294.55 and $630.07, respectively.  Petitioner,

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code (Code) of 1986, as amended.

following his receipt of the October 2, 2002, notice of deficiency sent a letter in December 2002, to Mr. Richard Creamer, the director of the compliance center that issued such notices, requesting documentation of the Secretary's delegation to Mr. Creamer of authority to issue statutory notices of deficiency. Petitioner did not receive a response and did not file a petition contesting either of the determined tax deficiencies with this Court.

On December 9, 2003, respondent mailed to petitioner a Final Notice of Intent to Levy and Notice of Your Right to a Hearing for the 1999 and 2000 taxable years, reflecting a total unpaid balance of $53,723.18. Petitioner timely submitted a Form 12153, Request for a Collection Due Process Hearing, and attached a lengthy letter threatening legal action against any revenue officer or revenue agent who tries to collect tax from him and containing tax-protester rhetoric, including such arguments as: (1) There is no Code section that makes petitioner liable for income taxes; (2) the IRS does not have the authority to change the amount of taxes that a taxpayer claims to owe on a submitted tax return; (3) an Appeals officer must present to a taxpayer documentation from the Secretary verifying that any applicable law and administrative procedure have been met; and (4) petitioner did not receive a statutory notice and demand for payment. Petitioner also demanded documentation proving that the

Secretary delegated authority to various IRS directors and employees involved in petitioner's case.

Mr. Lawrence Phillips, the settlement officer assigned to petitioner's case, mailed petitioner a letter dated July 20, 2004, that advised petitioner on the procedures of a collection hearing. The letter warned that "items that you mention in your CDP request are items that: 1. Courts have determined are frivolous or groundless, or 2. Appeals does not consider. These are moral, religious, political, constitutional, conscientious, or similar grounds." Mr. Phillips further enclosed with the letter copies of Forms 4340, Certificate of Assessments, Payments, and Other Specified Matters, for 1999 and 2000.

The collection hearing was held via telephone on August 5, 2004. During the hearing petitioner again demanded documentation and reiterated tax-protester rhetoric. Petitioner also questioned Mr. Phillips as to why his hearing was being conducted by a settlement officer and not an Appeals officer.

On August 18, 2004, respondent mailed to petitioner the above-mentioned Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 for the 1999 and 2000 taxable years. Petitioner timely filed a petition with this Court for redetermination of the collection action. Therein, in addition to contentions akin to those set forth in his Form 12153, petitioner argued: (1) Notices of Deficiency that are

signed by the director of the service center and not the Secretary are invalid; (2) he did not receive a proper collection hearing because Mr. Phillips was a settlement officer, not an Appeals officer; and (3) he was improperly precluded from raising relevant issues that challenged the validity of the underlying tax liabilities.

OPINION

I.   Collection Action

A. General Rules

Pursuant to section 6331(a), if a taxpayer liable to pay taxes fails to do so within 10 days after notice and demand for payment, the Secretary is authorized to collect such tax by levy upon the taxpayer's property.  The Secretary is obliged to provide the taxpayer with 30 days' advance notice of levy collection and of the administrative appeals available to the taxpayer.  Sec. 6331(d).  Upon a timely request a taxpayer is entitled to a collection hearing before the IRS Office of Appeals.  Sec. 6330(b)(1).

At the collection hearing, the taxpayer may raise "any relevant issue relating to the unpaid tax or the proposed levy," including appropriate spousal defenses, challenges to the appropriateness of collection actions, and offers of collection alternatives.  Sec. 6330(c)(2)(A).  The taxpayer may not contest the validity of the underlying tax liability unless the taxpayer

did not receive a notice of deficiency for such tax liability or did not otherwise have an earlier opportunity to dispute such tax liability. Sec. 6330(c)(2)(B). In rendering a determination, the Appeals officer must take into consideration verification that any applicable law and administrative procedure have been met, relevant issues relating to the unpaid tax or proposed levy, and "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary." Sec. 6330(c)(3).

The taxpayer is entitled to appeal the determination of the Appeals Office made on or before October 16, 2006, to the Tax Court or a U.S. District Court, depending on the type of tax at issue. Sec. 6330(d).[2] Where the validity of the underlying tax liability is properly at issue, the Court will review the matter de novo. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). The Court reviews any other administrative determination regarding the proposed levy action for an abuse of discretion. Sego v. Commissioner, supra at 610; Goza v. Commissioner, supra at 182.

---

[2]Determinations made after Oct. 16, 2006, are appealable only to the Tax Court. See Pension Protection Act of 2006, Pub. L. 109-280, sec. 855, 120 Stat. 1019.

B. <u>Analysis</u>

    1. <u>Appeals Hearing</u>

Petitioner argues that he did not receive a proper collection hearing because his hearing was conducted by a settlement officer, not an Appeals officer.  While section 6330(c) references "appeals officer", the remainder of section 6330 and corresponding regulations more broadly use the terms "officer" and "employee".  Section 6330(b)(3) provides that the collection hearing shall be "conducted by an officer or employee who has had no prior involvement with respect to the unpaid tax".  The regulations further explain that "A CDP hearing will be conducted by an employee or officer of Appeals who * * * has had no involvement with respect to the tax for the tax periods to be covered by the hearing".  Sec. 301.6330-1(d)(1), Proced. & Admin. Regs.  Accordingly, there is no requirement that the collection hearing be conducted by an Appeals officer; the hearing need only be conducted by an officer or employee of the Appeals Office, which includes a settlement officer.  <u>Rohner v. United States</u>, 91 AFTR 2d 2003-2135 (N.D. Ohio 2003).

    2. <u>Review of Underlying Liability</u>

Petitioner claims that he received invalid notices of deficiency and was improperly precluded from challenging the underlying tax liabilities at the collection hearing.  In particular, petitioner contends that the notices of deficiency

are invalid because they were signed by the compliance center director of the Ogden Service Center instead of the Secretary and there was no documentation delegating authority to such director. It is well established that the Secretary or his delegates may issue notices of deficiency. Secs. 6212(a), 7701(a)(11)(B) and (12)(A)(i). A notice of deficiency prepared and issued by a director is valid, and the director is not obligated to produce a copy of the order delegating such authority from the Secretary. Nestor v. Commissioner, 118 T.C. 162, 165-166 (2002); Secs. 301.6212-1(a), 301.7701-9(b), Proced. & Admin. Regs.

In addition, petitioner contends that the Secretary cannot recalculate the amount of taxes he determined on his "zero" returns. Petitioner's submitting "zero" returns does not preclude the Commissioner from determining petitioner's tax liability.

The Court is satisfied that petitioner received valid notices of deficiency for the 1999 and 2000 taxable years and had the opportunity to challenge the validity of the underlying tax liabilities but failed to do so. Accordingly, petitioner was properly precluded from contesting the validity of the underlying tax liabilities at the collection hearing.

C. Review for Abuse of Discretion

Given the foregoing, the notice of determination at issue is subject to review for abuse of discretion because the existence

or amounts of petitioner's underlying tax liabilities is not properly at issue.  An abuse of discretion has occurred if the "Commissioner exercised * * * [his] discretion arbitrarily, capriciously, or without sound basis in fact or law."  Woodral v. Commissioner, 112 T.C. 19, 23 (1999).

Petitioner alleges he did not receive a statutory notice and demand for payment.  Section 6303(a) provides that "the Secretary shall, as soon as practicable, and within 60 days, after the making of an assessment of a tax pursuant to section 6203, give notice to each person liable for the unpaid tax, stating the amount and demanding payment thereof."  If the notice is mailed, it shall be sent to the taxpayer's last known address.  Sec. 6303(a).  A notice of balance due constitutes a notice and demand for payment for purposes of section 6303(a).  Craig v. Commissioner, 119 T.C. 252, 262-263 (2002).  Forms 4340 show that respondent promptly sent petitioner notices of balance due for both 1999 and 2000.

Petitioner also contends that the Appeals officer must present to the taxpayer documentation from the Secretary verifying that any applicable law and administrative procedure have been met.  Section 6330(c)(1) provides that the Appeals officer "shall at the hearing obtain verification from the Secretary that the requirements of any applicable law or administrative procedure have been met."  However, section

6330(c)(1) only requires that the officer obtain such verification before making a determination; it does not require the officer to present a copy of the verification to the taxpayer. Nestor v. Commissioner, supra at 166-167. Nor does section 6330(c)(1) require the officer to rely on a particular document to satisfy the verification requirement imposed by that section. Craig v. Commissioner, supra at 261-262. The officer may rely on a Form 4340 to make such a verification because it "provides at least presumptive evidence that a tax has been validly assessed". Davis v. Commissioner, 115 T.C. 35, 40 (2000). Petitioner actually received copies of the relevant Forms 4340 and has made no showing that would tend to call into question the accuracy of the information reported thereon. No abuse of discretion was committed with respect to the verification requirement.

Petitioner did not show that there was any irregularity in the assessment procedure that would raise a question about the validity of the assessments. Respondent noted verification in the notice of determination that all requirements of applicable law and administrative procedure had been met and that respondent had properly balanced the need for efficient collection against any legitimate concerns of intrusiveness raised by petitioner. Petitioner has not presented any evidence or persuasive arguments that respondent abused his discretion but instead has repeatedly

raised frivolous tax protester arguments.  Hence, the Court concludes that respondent's determination to proceed with collection of petitioner's tax liabilities was not an abuse of discretion, and respondent may proceed with the proposed collection.

## II.  Section 6673 Penalty

Section 6673(a)(1) authorizes the Tax Court to impose a penalty not in excess of $25,000 on a taxpayer for proceedings instituted primarily for delay or in which the taxpayer's position is frivolous or groundless.  "A petition to the Tax Court, or a tax return, is frivolous if it is contrary to established law and unsupported by a reasoned, colorable argument for change in the law."  Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986).

Respondent warned petitioner about the section 6673(a)(1) penalty in the notice of determination, and the Court warned petitioner at trial that he may be subject to such a penalty if he continued to raise frivolous arguments.  Although respondent has not asked the Court to impose a penalty pursuant to section 6673(a)(1), the Court may sua sponte impose such a penalty against a taxpayer.  Pierson v. Commissioner, 115 T.C. 576, 580-581 (2000).  The Court is convinced that petitioner's position is frivolous and made for delay because it is based on tax-protester rhetoric, which has been rejected by this Court and many others.

See <u>Roberts v. Commissioner</u>, 118 T.C. 365 (2002), affd. 329 F.3d 1224 (11th Cir. 2003); <u>Lunsford v. Commissioner</u>, 117 T.C. 183 (2001); <u>Goza v. Commissioner</u>, 114 T.C. 176 (2000); <u>Keenan v. Commissioner</u>, T.C. Memo. 2006-45; <u>Frey v. Commissioner</u>, T.C. Memo. 2004-87.  Therefore, the Court concludes that a penalty of $1,500 should be imposed on petitioner.

The Court has considered all of petitioner's contentions, arguments, requests, and statements.  To the extent not discussed herein, we conclude that they are meritless, moot, or irrelevant.

To reflect the foregoing,

<u>An appropriate decision will</u>

<u>be entered</u>.