T.C. Memo. 2012-76

UNITED STATES TAX COURT

KAREN LEE CARLSON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10633-10L.                    Filed March 20, 2012.

Karen Lee Carlson, pro se.

<u>Amy B. Ulmer</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

THORNTON, <u>Judge</u>:  Pursuant to sections 6320(c) and 6330(d), petitioner

seeks review of respondent's determinations sustaining the filing of a Federal tax

lien with respect to petitioner's Federal income tax liabilities for 2001, 2002, 2003, and 2004 and sustaining a proposed levy to collect these taxes.[1]

## FINDINGS OF FACT

Petitioner resided in Oregon when she filed her petition. For the tax years 2001 through 2004 she received income, as reported by third-party payers to the Internal Revenue Service (IRS), in these aggregate amounts:

| Year | Amount |
|------|--------|
| 2001 | $148,639 |
| 2002 | 155,475 |
| 2003 | 155,064 |
| 2004 | 103,382 |

Petitioner failed to file Federal income tax returns for these years. After preparing substitutes for returns on petitioner's behalf, respondent mailed her separate notices of deficiency for each of the years 2001 through 2004. These notices were returned to respondent as "not deliverable as addressed, unable to forward."

On February 21, 2005, respondent assessed petitioner's 2002 income tax plus additions to tax and accrued interest. On April 23, 2007, he assessed

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure. All monetary amounts are rounded to the nearest dollar.

petitioner's income taxes for 2001, 2003, and 2004, plus additions to tax and accrued interest.[2] Petitioner failed to pay the assessed amounts.

On September 9, 2009, respondent mailed to petitioner a Letter 1058, Final Notice of Intent to Levy and Notice of Your Right to a Hearing. On September 17, 2009, respondent filed a notice of Federal tax lien (NFTL) with respect to petitioner's liabilities for taxable years 2001 through 2004. On September 17,

---

[2]Petitioner's underlying tax liabilities, exclusive of additions to tax and accrued interest, for tax years 2001 through 2004 are as follows:

| Year | Deficiency |
|------|-----------|
| 2001 | $40,582 |
| 2002 | 41,668 |
| 2003 | 38,742 |
| 2004 | 23,663 |

The additions to tax assessed against petitioner were as follows:

| Year | Sec. 6651(a)(1) | Sec. 6651(a)(2) | Sec. 6654 |
|------|-----------------|-----------------|-----------|
| 2001 | $9,131 | $10,146 | $1,622 |
| 2002 | 9,375 | 4,792 | 1,392 |
| 2003 | 8,717 | 6,005 | 1,014 |
| 2004 | 5,324 | 2,248 | 687 |

2009, respondent mailed to petitioner a Letter 3172, Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320.

On October 8, 2009, petitioner timely submitted two Forms 12153, Request for a Collection Due Process or Equivalent Hearing, regarding the NFTL and the notice of intent to levy. On these Forms 12153 the only stated reason for disagreeing with the proposed collection actions was "income figures inaccurate". On these Forms 12153 petitioner did not indicate a desire to raise collection alternatives or a spousal defense.

By letter to petitioner dated February 26, 2010, respondent's settlement officer scheduled a telephone hearing for March 31, 2010, and requested that petitioner mail any documents that she wanted to have considered at least 14 days before the conference. This letter also requested that petitioner provide income tax returns for the tax years 2001 through 2004. The letter explained that for the settlement officer to consider collection alternatives, petitioner had to provide tax returns for 2005, 2007, and 2008; proof of estimated tax payments for tax year 2009; and a completed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, with supporting documentation. Petitioner provided no documents to the settlement officer in response to this letter.

During the telephone conference on March, 31, 2010, petitioner's representative (who is also petitioner's husband), Charles Allen Harman, spoke on behalf of petitioner, who did not participate in the call. According to the settlement officer's log, Mr. Harman initially asserted that the information returns submitted by third-party payers with respect to petitioner were invalid. After the settlement officer advised him that petitioner should provide corrected information statements, Mr. Harman raised frivolous arguments that petitioner was not a "taxpayer" and that her reported income was not, in fact, "income". After advising Mr. Harman that she was unable to help because petitioner had not provided the requested documents and was not in compliance with filing requirements, the settlement officer terminated the telephone call.

On April 5, 2010, the settlement officer issued a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice) sustaining the notice of Federal tax lien filing and proposed levy action. The notice indicates that although petitioner had challenged her underlying liability, she had failed to provide requested information to show the correct amount of her income. The notice states that the settlement officer verified that: (1) all applicable laws, regulations, and administrative procedures had been followed in connection with the assessments and proposed collection of the taxes at issue; (2)

on balance, the proposed collection by NFTL and levy was no more intrusive than necessary; (3) petitioner had not raised any valid challenge to the collection action contemplated; (4) petitioner had not suggested any collection alternative; and (5) the settlement officer had not had any prior involvement with respect to petitioner's income tax liabilities for the years at issue.

Petitioner timely petitioned this Court, seeking review of the determination to proceed with the proposed collection actions. The petition disputes that Mr. Harman raised frivolous arguments during the telephone conference and asserts that the settlement officer failed to provide adequate information about what documentation was needed to correct the third-party payer information reports and prematurely terminated the telephone conference without giving Mr. Harman adequate opportunity to respond to the settlement officer's concerns. In particular, according to the petition, the premature termination of the telephone conference denied Mr. Harman the opportunity to reply that "the figures assessed as taxes owed appeared to be the total of all monies or other compensation received by Ms. Carlson as private sector receipts for the periods in question". The petition also asserts that the IRS followed improper procedures by making an actual levy eight days after issuing the notice of intent to levy. The petition asserts no error with respect to the additions to tax for failure to timely file, failure to timely pay, and

failure to pay estimated tax under section 6651(a)(1) and (2) and section 6654 for the years at issue.

## OPINION

Respondent concedes that because petitioner had no prior opportunity to dispute her underlying liabilities, she is entitled to do so in this proceeding. See Callahan v. Commissioner, 130 T.C. 44, 50 (2008). We review petitioner's underlying liabilities de novo. See Sego v. Commissioner, 114 T.C. 604, 610 (2000). Other issues we review for abuse of discretion. See id. at 609-610. The burden of proof is upon petitioner to show error in respondent's determination as to her underlying liabilities. See Rule 142(a).[3]

In challenging her underlying liabilities in this proceeding, as in the administrative proceedings below, petitioner has raised only frivolous and groundless arguments. Prominent among these frivolous arguments is that because she resided in Washington or Oregon during the years at issue, she did not live in the United States and so is not subject to U.S. taxation. See United States v. Cooper, 170 F.3d 691 (7th Cir. 1999) (imposing a sanction for filing a frivolous appeal that asserted that only residents of Washington, D.C., and other Federal

_____

[3]Petitioner does not contend and the record does not suggest that the burden of proof as to any factual issue should shift to respondent pursuant to sec. 7491(a).

enclaves are citizens of the United States subject to Federal tax laws).  Similarly lacking even colorable merit are petitioner's remaining arguments, including her argument that only gain from the sale of capital assets and property described under section 1231(b) constitutes taxable income, that her income is not taxable because she is not incorporated, and that her wages are not taxable because the third-party information returns did not correctly apply the definition of wages and employment as defined in section 3121(a) and (b).  See Lindberg v. Commissioner, T.C. Memo. 2010-67 (sustaining section 6702 frivolous-return penalty for reporting zero wages on basis that Form W-2, Wage and Tax Statement, did not correctly apply definition of wages under sections 3401 and 3121).

Section 6201(d) provides that if, in any court proceeding, a taxpayer fully cooperates with the Commissioner and raises a reasonable dispute with respect to an information return, the Commissioner has the burden of producing reasonable and probative evidence to verify the information return.  Although some of petitioner's assertions might be construed as attacking the validity of the third-party information returns on which respondent predicated his assessments, she has not raised a reasonable dispute regarding the information returns.  She has not disputed any specific item of income determined by respondent, nor has she

denied receiving compensation during the years at issue. To the contrary, her petition acknowledges receiving "monies or other compensation * * * as private sector receipts for the periods in question". And in her pretrial memorandum she states that she "worked for private company and received private sector receipts". Petitioner has not asserted or shown that the correct amounts of her taxable income differ from the amounts shown on the third-party information returns upon which respondent's determinations are predicated.

The petition contains no specific allegations or supporting facts regarding the section 6651(a)(1) and (2) and 6654 additions to tax. Petitioner's frivolous and groundless arguments at trial and on brief similarly do not raise any legitimate issue or defense regarding these additions to tax. We deem petitioner to have conceded the section 6651(a)(1) and (2) and 6654 additions to tax and hold that respondent has no burden of production under section 7491(c) with respect to them. See Funk v. Commissioner, 123 T.C. 213, 217-218 (2004); Swain v. Commissioner, 118 T.C. 358, 363-365 (2002).

Petitioner suggests that the settlement officer abused her discretion by terminating the telephone conference prematurely. The administrative record reflects that the settlement officer terminated the telephone conference after Mr. Harman persisted in making only frivolous arguments. We are not persuaded that

the settlement officer abused her discretion in this regard. In any event, because petitioner has raised no colorable claim in this proceeding, we do not believe it is necessary, productive, or appropriate to remand this case to respondent's Appeals Office for any additional hearing. See Lunsford v. Commissioner, 117 T.C. 183, 189 (2001).

Petitioner has asserted that respondent prematurely levied upon her property eight or nine days after issuing the notice of intent to levy. But respondent's records show that respondent has not yet made any levy upon petitioner's property.[4]

Petitioner has offered no collection alternatives and asserted no spousal defenses. From our review of the record we are satisfied that respondent has satisfied the requirements of sections 6320 and 6330. Consequently, we shall sustain respondent's determinations.

Section 6673(a)(1) authorizes the Tax Court to require a taxpayer to pay to the United States a penalty of up to $25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in the proceedings is frivolous or groundless. Respondent has

_____

[4]It appears that petitioner has confused the Letter 3172, issued eight days after the notice of intent to levy, with notice of an actual levy.

not asked that we impose a section 6673 penalty. We strongly warn petitioner that she may be subject to a section 6673 penalty, even upon the Court's own motion, if she persists in maintaining proceedings in this Court primarily for delay or continues to press frivolous arguments.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.