# United States Tax Court

T.C. Memo. 2023-46

TYRONE BURNETT,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————————

Docket No. 6818-20.                                    Filed April 10, 2023.

————————

Tyrone Burnett, pro se.

*Lynn M. Barrett*, *Timothy A. Lohrstorfer*, and *William M. Rowe*, for respondent.

## MEMORANDUM FINDINGS OF FACT AND OPINION

NEGA, *Judge*:  By notice of deficiency dated March 9, 2020, respondent determined a deficiency in petitioner's 2017 Federal income tax of $8,168 and additions to tax of $1,449.22, $869.53, and $149.60 under sections 6651(a)(1) and (2) and 6654(a), respectively.[1]  The issues for decision are (1) whether respondent issued to petitioner a valid statutory notice of deficiency for tax year 2017; (2) whether petitioner failed to report taxable retirement income of $55,738 and taxable interest income of $40 for tax year 2017; and (3) whether petitioner is liable for additions to tax under sections 6651(a)(1) and (2) and 6654(a) for tax year 2017.

_____

[1] Unless otherwise indicated, all statutory references are to the Internal Revenue Code, Title 26 U.S.C. (Code), in effect at all relevant times, all regulation references are to the Code of Federal Regulations, Title 26 (Treas. Reg.), in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

**[\*2]**                          FINDINGS OF FACT

At the time petitioner timely filed his Petition with this Court, he resided in Indiana. Petitioner was retired during tax year 2017 and received $55,738 in retirement payments from the Defense Finance and Accounting Service (DFAS) and $40 in interest payments from the U.S. Treasury Department, Internal Revenue Service IMF (IRS).

Petitioner failed to file Form 1040, U.S. Individual Income Tax Return, for tax year 2017 and, amounts withheld notwithstanding, did not pay any tax for that year.[2] Through respondent's Automated Substitute for Return program, respondent prepared a substitute for return (SFR) for petitioner pursuant to section 6020(b). On October 21, 2019, respondent sent to petitioner a Notice 2566, informing him that, despite prior notices, respondent had not received Form 1040 from petitioner for tax year 2017 and warning him that respondent would assess tax should petitioner fail to file by November 20, 2019. On March 9, 2020, respondent issued to petitioner the notice of deficiency. Petitioner timely filed a Petition with the Court, disputing the deficiency, as well as the additions to tax under sections 6651(a)(1) and (2) and 6654(a).

OPINION

I.    *Validity of the Notice of Deficiency*

The Tax Court is a court of limited jurisdiction and may exercise jurisdiction only to the extent authorized by Congress. *Naftel v. Commissioner*, 85 T.C. 527, 529 (1985); *Breman v. Commissioner*, 66 T.C. 61, 66 (1976). Our deficiency jurisdiction depends on a valid notice of deficiency and a timely filed petition. Rule 13(a), (c); *see, e.g., John C. Hom & Assocs. v. Commissioner*, 140 T.C. 210, 212 (2013). Petitioner contends that the notice of deficiency is invalid because (1) it was not signed by an employee of respondent and (2) it correctly reported his name as "Tyrone Burnett," in contrast to other, unrelated documents that listed his name as "Tyrone Burnett, Sr." Petitioner's arguments are without merit.[3]

---

[2] Respondent's records show a withholding credit applied against petitioner's 2017 tax liability. This withholding credit was subsequently reversed.

[3] We also note that, in numerous opinions, we have determined that arguments asserting that a notice of deficiency is invalid because it is not signed by a particular

**[\*3]** We have previously observed that "courts have held repeatedly that a notice of deficiency is valid if it notifies the taxpayer that a deficiency has been determined and gives the taxpayer the opportunity to petition this Court for redetermination of the proposed deficiency." *John C. Hom & Assocs.*, 140 T.C. at 213 (first citing *Frieling v. Commissioner*, 81 T.C. 42, 53 (1983); and then citing *Perlmutter v. Commissioner*, 44 T.C. 382 (1965), *aff'd*, 373 F.2d 45 (10th Cir. 1967)). On the record before us, these threshold requirements have been met. Because the notice of deficiency is valid on its face, we will not look behind the notice to examine respondent's motives or the administrative policies and procedures involved in making the notice's determinations. *See Greenberg's Express, Inc. v. Commissioner*, 62 T.C. 324, 327 (1974).[4] We thus find that respondent issued to petitioner a valid notice of deficiency for tax year 2017.

II.     *Retirement Income and Interest Income*

In general, the Commissioner's determinations set forth in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving them erroneous. Rule 142(a)(1); *Welch v. Helvering*, 290 U.S. 111, 115 (1933). In cases appealable to the U.S. Court of Appeals for the Seventh Circuit, as this one is barring a contrary written stipulation, *see* § 7482(b)(1)(A), (2), a taxpayer may rebut this presumption by demonstrating that an assessment is arbitrary and excessive or lacks a rational foundation, *Pittman v. Commissioner*, 100 F.3d 1308, 1313 (7th Cir. 1996), *aff'g* T.C. Memo. 1995-243. In cases like petitioner's that involve unreported income, this showing is typically made "when the Commissioner makes no evidentiary showing at all but simply rests on the presumption or when the Commissioner's evidence completely fails to link the taxpayer to alleged unreported income." *Id.* Pursuant to section 7491(a), the burden of proof as to factual matters shifts to the Commissioner under certain circumstances. Petitioner does not contend, and the evidence does not establish, that the burden of proof shifts to respondent under section 7491(a) as to any issue of fact. Therefore, petitioner bears the burden of proof as to all factual issues.

person, such as the Commissioner or a particular IRS employee, are frivolous. *See, e.g.*, *Reynolds v. Commissioner*, T.C. Memo. 2006-192, 92 T.C.M. (CCH) 260, 262; *Ball v. Commissioner*, T.C. Memo. 2006-141, 92 T.C.M. (CCH) 7, 8.

[4] The narrow exception to this rule is inapplicable to the case before us. *See Greenberg's Express, Inc.*, 62 T.C. at 328.

**[\*4]**   Section 61(a) provides that "gross income" means "all income from whatever source derived." The scope of section 61(a) is broad, and exclusions from gross income must be narrowly construed. *Commissioner v. Schleier*, 515 U.S. 323, 328 (1995); *Commissioner v. Glenshaw Glass Co.*, 348 U.S. 426, 429 (1955); *Helvering v. Clifford*, 309 U.S. 331, 334 (1940). Taxpayers seeking an exclusion from gross income must show that they are eligible for said exclusion and "must bring themselves within the clear scope of the exclusion." *Dobra v. Commissioner*, 111 T.C. 339, 349 n.16 (1998). Section 61(a) expressly includes in gross income "[i]nterest" and "[p]ensions." § 61(a)(4), (10).

Respondent submitted to the Court the following documents authenticated pursuant to Rules 803(6) and 902(11) of the Federal Rules of Evidence, verifying the amounts paid to petitioner: a Wage and Income Transcript corresponding to petitioner's tax year 2017, reflecting receipt of Form 1099–R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., from DFAS, and Form 1099–INT, Interest Income, from the IRS; Forms 4340, Certificate of Assessments, Payments, and Other Specified Matters, showing interest paid to petitioner in tax year 2017 with respect to overpayments on his 2013, 2014, and 2015 tax years; and Form 4340 corresponding to petitioner's tax year 2017. Petitioner has failed to raise a reasonable dispute sufficient to shift the burden of producing probative information concerning the deficiency to respondent under section 6201(d). *See Carlson v. Commissioner*, T.C. Memo. 2012-76, 103 T.C.M. (CCH) 1408, 1409–10, *aff'd*, 604 F. App'x 628 (9th Cir. 2015). Respondent is thus entitled to the presumption of correctness.

During trial, petitioner made various arguments to justify his failure to file, including an inability to access information regarding his retirement income and an issue where, on various unrelated documents, his name was listed as "Tyrone Burnett, Sr." rather than "Tyrone Burnett," as well as what seems to be a broader distrust of the government.[5] Petitioner did not dispute receiving $55,738 from DFAS; rather, he expressed uncertainty as to whether the entirety of that amount is taxable income. Petitioner could not recall whether he received $40 of interest income from the IRS. Petitioner has introduced no evidence as to why these amounts do not constitute taxable income and has thus failed to carry his burden of proof. Accordingly, we sustain respondent's determination that petitioner received $55,738 of taxable

---

[5] Petitioner's son is named Tyrone Burnett, Jr.

**[\*5]** retirement income and $40 of taxable interest income in tax year 2017.

III.   *Penalties and Additions to Tax*

   A.   *Generally*

The Commissioner bears the burden of production with respect to a taxpayer's liability for penalties and additions to tax and must produce sufficient evidence indicating that it is appropriate to impose them.  *See* § 7491(c); *Higbee v. Commissioner*, 116 T.C. 438, 446 (2001).  As part of that burden, with respect to certain penalties, the Commissioner must also show compliance with the written approval requirement of section 6751(b)(1).  *See Graev v. Commissioner*, 149 T.C. 485, 493–94 (2017), *supplementing and overruling in part* 147 T.C. 460 (2016).[6]  Once the burden of production is met, the taxpayer must come forward with persuasive evidence that the Commissioner's determination is incorrect or that the taxpayer had reasonable cause or substantial authority for his position.  *See Higbee*, 116 T.C. at 446–47.

   B.   *Section 6651(a)(1) Addition to Tax for Failure to File Timely*

Section 6651(a)(1) authorizes the imposition of an addition to tax for failure to file a return timely, unless it is shown that such failure was due to "reasonable cause and not due to willful neglect."  *See United States v. Boyle*, 469 U.S. 241, 245 (1985).  A taxpayer demonstrates reasonable cause when he shows that, despite exercising ordinary business care and prudence, he was unable to file the return on time, typically for reasons outside his control.  Treas. Reg. § 301.6651-1(c)(1); *see McMahan v. Commissioner*, 114 F.3d 366, 368–69 (2d Cir. 1997), *aff'g* T.C. Memo. 1995-547.  On the other hand, a taxpayer acts with willful neglect when his actions exhibit a "conscious, intentional failure or reckless indifference" toward compliance with his obligations under the Code.  *Boyle*, 469 U.S. at 245.

---

[6] Section 6751(b)(1) provides that "[n]o penalty under this title shall be assessed unless the initial determination of such assessment" receives supervisory approval.  This provision does not apply to "any addition to tax under section 6651, 6654, [or] 6655" or "any other penalty automatically calculated through electronic means."  § 6751(b)(2).  Accordingly, respondent was not required to verify that the additions to tax determined against petitioner for tax year 2017 under sections 6651(a)(1) and (2) and 6654 had been approved by a supervisor.

**[\*6]**   Petitioner failed to file a timely return for tax year 2017. Petitioner contended that he was "unable" to file "accurate returns," but his statements in support of this position were, on the whole, unsupported by evidence, irrelevant, or both.  On the record before us, we find that petitioner has failed to carry his burden of establishing that his failure to timely file a return for tax year 2017 was due to reasonable cause and not due to willful neglect.  We therefore sustain respondent's imposition of the addition to tax under section 6651(a)(1).

C.   *Section 6651(a)(2) Addition to Tax for Failure to Timely Pay*

Section 6651(a)(2) imposes upon a taxpayer an addition to tax for failing to pay taxes when due.  This addition to tax applies whether the taxpayer files a return or the Commissioner prepares an SFR for the taxpayer.  § 6651(g)(2).[7]  Like the addition for failure to file timely, this addition will not be applied when a taxpayer demonstrates that his failure to pay resulted from reasonable cause and not willful neglect.  § 6651(a)(2).  A failure to pay may be considered due to reasonable cause to the extent the taxpayer has exercised ordinary business care and prudence in providing for payment of his tax liability but was nevertheless unable to pay the tax on the date due or would otherwise suffer an undue hardship.  Treas. Reg. § 301.6651-1(c)(1).

Respondent prepared an SFR for petitioner, informing him that his retirement income and interest income resulted in a tax liability for 2017.  Petitioner did not remit timely payment for that tax liability.  He advanced no argument that his failure to pay was due to reasonable cause and failed to introduce any credible evidence establishing that, despite his acting with ordinary business care and prudence, payment of his 2017 tax liability posed an undue hardship.  Accordingly, we find that petitioner has failed to establish that his failure to pay resulted from reasonable cause rather than willful neglect, and we sustain

---

[7] Petitioner's unpaid tax resulted from an SFR prepared by respondent. Accordingly, as part of respondent's burden of production with respect to the section 6651(a)(2) addition to tax, respondent must introduce evidence sufficient to show that this SFR satisfies the requirements of section 6020(b). *See Wheeler v. Commissioner*, 127 T.C. 200, 208–10 (2006), *aff'd*, 521 F.3d 1289 (10th Cir. 2008).  The record contains the IRC Section 6020(b) ASFR Certification corresponding to petitioner's tax year 2017.  We hold that this ASFR Certification satisfies the requirements of section 6020(b) and that respondent has met his burden of production in this respect.  *See* Treas. Reg. § 301.6020-1(b)(2).

**[\*7]** respondent's determination as to the section 6651(a)(2) addition to tax.

D.    *Section 6654(a) Addition to Tax for Failure to Make Required Estimated Tax Payments*

Section 6654(a) imposes an addition to tax for failure to make required estimated tax payments.  The required annual payment of estimated tax is equal to the lesser of (1) 90% of the tax shown on the return for the taxable year (or, if no return is filed, 90% of the tax for such year), or (2) 100% of the tax shown on the taxpayer's return for the immediately preceding taxable year.[8]  § 6654(d)(1)(B).  Respondent established that petitioner filed a return for tax year 2016, that he failed to file a return for tax year 2017, and that he had an actual tax liability for 2017 but failed to make the required payments.  Therefore, petitioner's required annual payment for 2017 is 90% of the tax owed for that year.  *See id.* cl. (i).  Respondent has satisfied his burden of production for an addition to tax under section 6654(a).  *See Wheeler*, 127 T.C. at 211.  Section 6654 has no general exception for reasonable cause or good faith, and petitioner has not shown that he satisfied any of the statutory exceptions under section 6654(e).  *See Mendes v. Commissioner*, 121 T.C. 308, 323 (2003).  Accordingly, petitioner is liable for the addition to tax under section 6654(a) for tax year 2017.

We have considered all the other arguments made by the parties, and to the extent not discussed above, find those arguments to be irrelevant, moot, or without merit.

To reflect the foregoing,

*Decision will be entered for respondent.*

---

[8] Section 6654(d)(1)(B) provides that the 100% prior year return safe harbor shall not apply if the individual did not file a return for the prior taxable year.