T.C. Memo. 2015-78

UNITED STATES TAX COURT

LEODIS C. MATTHEWS, APC, A CALIFORNIA CORPORATION, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 23417-14.                          Filed April 23, 2015.

Michael M. Page, Ellis G. Wasson, and Jacqueline L. Maar, for petitioner.

Vanessa M. Hoppe and Katherine Holmes Ankeny, for respondent.

MEMORANDUM OPINION

DAWSON, Judge:  This case is before us on respondent's motion to dismiss for lack of jurisdiction on the ground that petitioner's corporate status was suspended at the time the petition was filed and therefore it did not have the legal capacity to litigate in this Court.  As explained herein, we will grant respondent's motion.

**[\*2]**                                    Background

Petitioner, a law firm, was incorporated in California on February 5, 2008. The California Franchise Tax Board (CFTB) suspended petitioner's powers, rights, and privileges on May 1, 2013, for failure to pay State taxes. See Cal. Rev. & Tax. Code sec. 23301 (West 2004). The suspension remained in effect until November 26, 2014, at which time the CFTB reinstated petitioner's corporate capacity.

On June 30, 2014, respondent mailed to petitioner a notice of deficiency determining a $1,914,668 Federal income tax deficiency for tax year ended December 31, 2011, and a section 6662(d)[1] penalty of $382,934. On October 1, 2014, petitioner filed a petition in this Court challenging respondent's determination.

On December 1, 2014, respondent filed a motion to dismiss for lack of jurisdiction, alleging that petitioner lacked the capacity to sue at the time its Tax Court petition was filed. On December 24, 2014, petitioner filed a response, objecting to the motion on the ground that the reinstatement of the corporation on

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

**[*3]** November 26, 2014, retroactively restored its capacity to the time it filed its petition in this case and therefore conferred jurisdiction on this Court.

## Discussion

The Tax Court is a court of limited jurisdiction, Naftel v. Commissioner, 85 T.C. 527, 529 (1985), and may exercise jurisdiction only to the extent expressly provided by statute, Breman v. Commissioner, 66 T.C. 61, 66 (1976). This Court's jurisdiction to determine a deficiency in Federal income tax depends on the issuance of a valid notice of deficiency and a timely filed petition. Rule 13(a), (c); Monge v. Commissioner, 93 T.C. 22, 27 (1989); Abeles v. Commissioner, 91 T.C. 1019, 1025 (1988). Pursuant to section 6213(a), a taxpayer has 90 days after the notice of deficiency is mailed to file a petition in this Court for redetermination of the deficiency. Jurisdiction must be shown affirmatively and, as the party invoking our jurisdiction, petitioner has the burden of proving that we have jurisdiction over its case. See, e.g., John C. Hom & Assocs., Inc. v. Commissioner, 140 T.C. 210, 212 (2013) (holding that jurisdiction is determined at the time a petition is filed); David Dung Le, M.D., Inc. v. Commissioner, 114 T.C. 268, 270 (2000), aff'd, 22 Fed. Appx. 837 (9th Cir. 2001). Petitioner must establish that: (1) respondent issued to it a valid notice of deficiency, and (2) it, or

**[*4]** someone authorized to act on its behalf, filed with the Court a timely petition. See Rule 13(a), (c); Monge v. Commissioner, 93 T.C. 22.

Petitioner's corporate capacity was suspended at the time the petition was filed on October 1, 2014, and was not reinstated until November 26, 2014, which was after it filed the petition herein. Legal capacity is crucial to bringing an action in the Tax Court. See Rule 60(c). Whether a corporation has the capacity to engage in litigation in this Court is determined by applicable State law, which, in this case, is California law. See id.[2]; Brannon's of Shawnee, Inc. v. Commissioner, 71 T.C. 108, 111 (1978).

Respondent relies on our opinion in David Dung Le, M.D., Inc. v. Commissioner, 114 T.C. at 268, arguing that petitioner did not have the legal capacity to prosecute this case when the petition was filed. We agree. In David Dung Le, M.D., Inc., a case involving analogous facts, we held that a California corporation lacked the power to file a lawsuit in this Court while its corporate powers were suspended by the State of California for failure to pay income tax. In reaching our holding, we cited Cal. Rev. & Tax. Code secs. 23301 and 23302

_____

[2]Rule 60(c) states in relevant part: "The capacity of a corporation to engage in such litigation [in this court] shall be determined by the law under which it was organized."

**[\*5]** (West 2004), noting that the Supreme Court of California has construed those sections to mean that a corporation may not prosecute or defend an action during the period in which it is suspended. <u>David Dung Le, M.D., Inc.</u>, 114 T.C. at 272. Because the taxpayer's corporate status was not reinstated at the time the petition was filed or during the 90-day period, we held that it "[was] fatal to petitioner in that California law does not operate to toll a filing period from running during a period of suspension." <u>Id.</u> at 275. We therefore dismissed the petition in that case for lack of jurisdiction. The U.S. Court of Appeals for the Ninth Circuit, where an appeal in this case would lie, affirmed this Court in <u>David Dung Le, M.D. Inc. v. Commissioner</u>, 22 Fed. App. 837. We will follow our precedent as affirmed by the Court of Appeals for the Ninth Circuit.

As we clearly stated in a recent case, <u>Med. Weight Control Specialist v. Commissioner</u>, T.C. Memo. 2015-52, at \*7:

> Jursidictional statutes such as section 6213(a) are conditions on the waiver of the Federal Government's sovereign immunity and must be strictly construed. <u>See</u> <u>Bowen v. City of New York</u>, 476 U.S. 467, 479 (1986). Section 6213(a) provides that a petition may be filed by the taxpayer during the 90-day period. \* \* \* [The taxpayer's] suspension under Cal. Rev. & Tax. Code sec. 23301 deprived it of the capacity to sue under section 6213(a) and prevents its corporate revival from prejudicing \* \* \* [the Commissioner's] defense of lack of subject matter jurisdiction.

**[*6]**   We will continue to follow existing caselaw in holding that a revived California corporation may not retroactively validate the filing of a petition that occurred during the suspension of its corporate powers and where the revival occurred only after the period for timely filing the petition.  See AMA Enters., Inc. v. Commissioner, 523 Fed. Appx. 455 (9th Cir. 2013) (holding that although AMA filed a timely petition in this Court, it did not have the capacity to engage in litigation because its corporate "powers, rights and privileges" were suspended under California law at the time the petition was filed; the subsequent revival of AMA's corporate powers after the statutory period did not retroactively satisfy section 7428(b)(3), which requires that an organization file a section 7428 petition within 90 days of the Service's mailing an adverse determination letter); John C. Hom & Assocs., Inc. v. Commissioner, 140 T.C. 210 (holding that Tax Court lacked jurisdiction to hear corporate taxpayer's petition for redetermination of income tax deficiency because taxpayer's corporate capacity was suspended by the CFTB at the time it filed its petition, regardless of the fact that its status was reinstated before the scheduled trial); Med. Weight Control Specialist v. Commissioner, T.C. Memo. 2015-52 (holding that taxpayer lacked the capacity to petition the Tax Court during the 90-day period of section 6213(a), rendering the Court without jurisdiction).  Clearly, any revival of a corporation's corporate

**[\*7]** powers will not restore its capacity to litigate a Tax Court case when the date of the revival is beyond the 90-day period in which a petition in this Court was required to be filed. See David Dung Le, M.D., Inc. v. Commissioner, 114 T.C. at 274-275.

Nonetheless, petitioner relies on Bourhis v. Lord, 153 Cal. Rptr. 3d 510 (2013), to argue that it had the capacity to commence an action in this Court by virtue of a "retroactive revival" and that David Dung Le, M.D., Inc. is no longer good law. We disagree. The Bourhis decision does not contradict David Dung Le, M.D., Inc. The ultimate question in this case is whether the corporation's revival retroactively validated the actions taken during the suspension (i.e., the filing of the petition in this case). The answer depends upon whether the initial filing is treated as a "procedural" or "substantitive" act. See Bourhis, 153 Cal. Rptr. 3d 510. "Procedural acts in the prosecution or defense of a lawsuit are validated retroactively by corporate revival. Most litigation activity has been characterized as procedural for purposes of corporate revival." Benton v. Cnty. of Napa, 277 Cal. Rptr. 541, 545 (Ct. App. 1991). In contrast, where the statute of limitations for pursuing an action expires while the corporation is suspended, subsequent revival of the corporation does not retroactively validate the filing of the lawsuit because statutes of limitations are "substantive". See, e.g., Med.

[*8] Weight Control Specialist v. Commissioner, at *5-*8; Sade Shoe Co. v. Oschin & Snyder, 266 Cal. Rptr. 619, 622 n.2 (Ct. App. 1990).  Although our Court in David Dung Le, M.D., Inc. did not specifically use the terms "procedural" or "substantive", we effectively treated section 6213 as a substantive requirement, and therefore the petition cannot be retroactively ratified upon corporate revival. See, e.g., AMA Enters., Inc. v. Commissioner, 523 Fed. Appx. 455.

Petitioner's revival did not retroactively restore its capacity to file the petition in this case and confer jurisdiction on this Court.  See David Dung Le, M.D., Inc., 114 T.C. at 274, 276.  Petitioner's corporate status was not reinstated until after the petition was filed and after the expiration of the 90-day period in which the petition was required to be filed.  See sec. 6213(a).

In sum, petitioner lacked the capacity to petition this Court during the 90-day period provided in section 6213(a), and therefore this Court lacks jurisdiction in this case.  Accordingly, respondent's motion to dismiss for lack of jurisdiction will be granted.

To reflect the foregoing,

An appropriate order of dismissal for lack of jurisdiction will be entered.