T.C. Memo. 2019-31


UNITED STATES TAX COURT


TIMBRON INTERNATIONAL CORPORATION, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

TIMBRON HOLDINGS CORPORATION, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket Nos. 21960-16, 21978-16.        Filed April 8, 2019.


Matthew D. Carlson, Jennifer L. Harmon, and Minna C. Porteous Yang, for petitioners.

Adam B. Landy, Nancy M. Gilmore, and Thomas R. Mackinson, for respondent.

**[\*2]**                                 MEMORANDUM OPINION

VASQUEZ, <u>Judge</u>:  These matters are before the Court on respondent's motions to dismiss for lack of jurisdiction on the ground that petitioners, when they filed their petitions, did not have the legal capacity to litigate in this Court under Rule 60(c).[1]  By order dated December 11, 2017, these cases were consolidated for hearing, briefing, and opinion.  As explained below, we will grant respondent's motions.

<u>Background</u>

Petitioners Timbron Holdings Corp. (Timbron Holdings) and Timbron International Corp. (Timbron International) were incorporated in California in 1996 and 2005, respectively.  Timbron Holdings wholly owns Timbron International.

On March 2, 2009, and August 1, 2013, respectively, the California Franchise Tax Board (CFTB) suspended Timbron International's and Timbron Holdings' powers, rights, and privileges for failure to pay State taxes.  Petitioners' powers, rights, and privileges remained suspended as of July 6, 2017.

---

[1]Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code in effect at all relevant times.

**[*3]** On July 14, 2016, respondent issued to petitioners notices of deficiency for 2010 and 2011. On October 11, 2016, petitioners filed their petitions with the Court, and on November 23, 2016, respondent filed his answer with the Court in each case.

Several months later respondent moved to dismiss these cases for lack of jurisdiction. Thereafter petitioners filed oppositions and first supplements to opposition to respondent's motions. Therein petitioners did not dispute that their powers, rights, and privileges were suspended when they filed their petitions and continued to be suspended throughout the applicable 90-day period during which they could file timely petitions. However, in their first supplements to opposition, petitioners stated that they had obtained certificates of reviver and were considered "active" as of September 27, 2017 (approximately 11 months after the end of the applicable period).

The Court held a hearing on the motions in San Francisco, California.

<u>Discussion</u>

Respondent argues that these cases should be dismissed because the petitions were not timely filed by parties with capacity to engage in litigation before this Court under Rule 60(c). Objecting to respondent's motions, petitioners

**[\*4]** contend that under California law they retained "sufficient vitality" to litigate in this Court, subject to timely objections by respondent.

We are a legislatively created (Article I) Court, and as such, our jurisdiction flows directly from Congress.  See Freytag v. Commissioner, 501 U.S. 868, 870 (1991); Kelley v. Commissioner, 45 F.3d 348, 351 (9th Cir. 1995), aff'g T.C. Memo. 1990-158; Neilson v. Commissioner, 94 T.C. 1, 9 (1990); Naftel v. Commissioner, 85 T.C. 527, 529 (1985); see also sec. 7442.  The Court is a court of limited jurisdiction and lacks general equitable powers.  Commissioner v. McCoy, 484 U.S. 3, 7 (1987); Commissioner v. Gooch Milling & Elevator Co., 320 U.S. 418, 420 (1943).

Whether we have jurisdiction to decide a matter is an issue that a party, or this or an appellate court sua sponte, may raise at any time.  David Dung Le, M.D., Inc. v. Commissioner, 114 T.C. 268, 269 (2000), aff'd, 22 F. App'x 837 (9th Cir. 2001).  Jurisdiction must be shown affirmatively, and petitioners bear the burden of proving all facts necessary to establish jurisdiction in this Court.  Id. at 270. Petitioners must establish that:  (1) respondent issued them valid notices of deficiency and (2) they, or someone authorized to act on their behalf, filed timely petitions with the Court.  See Rule 13(a), (c); Monge v. Commissioner, 93 T.C. 22, 27 (1989); see also secs. 6212 and 6213.

**[\*5]**  The fact that respondent issued petitioners valid notices of deficiency is not in dispute.  Rather, the parties focus on the second requirement, a timely petition. See sec. 6213(a); Rule 13(c).

Pursuant to section 6213(a), a taxpayer has (as relevant here) a 90-day period after the notice of deficiency is mailed to file a petition in this Court for redetermination of the deficiency.  The requirement of filing the petition with the Court within 90 days is jurisdictional and generally cannot be tolled or extended. See Healy v. Commissioner, 351 F.2d 602, 603 (9th Cir. 1965); Joannou v. Commissioner, 33 T.C. 868, 869 (1960).  Jurisdictional statutes such as section 6213(a) are conditions on the waiver of the Federal Government's sovereign immunity and must be strictly construed.  See Bowen v. City of New York, 476 U.S. 467, 479 (1986).

With respect to corporate taxpayers like petitioners, a proper filing requires taxpayers tendering petitions to the Court to have the capacity to engage in litigation before this Court.  See Rule 60(c); see also Brannon's of Shawnee, Inc. v. Commissioner, 71 T.C. 108, 111 (1978); Condo v. Commissioner, 69 T.C. 149, 151 (1977).  Rule 60(c) provides that "[t]he capacity of a corporation to engage in such litigation shall be determined by the law under which it was organized."

**[\*6]** Petitioners' corporate powers, rights, and privileges were suspended when the petitions were filed on October 11, 2016, and were not reinstated until September 2017, which was well after the deadlines for filing petitions in these cases. We must therefore look to California law to determine whether petitioners had capacity to litigate in this Court when they filed their petitions.

Respondent relies on our Opinion in David Dung Le, M.D., Inc. v. Commissioner, 114 T.C. at 268, arguing that petitioners did not have the legal capacity to prosecute these cases when the petitions were filed. We agree.

In David Dung Le, M.D., Inc., a case involving analogous facts, we held that a California corporation lacked the power to file a petition in this Court while its corporate powers were suspended by the State of California for failure to pay income tax. In reaching our holding we cited Cal. Rev. & Tax. Code secs. 23301 and 23302 (West 1992 & Supp. 1999), noting that the Supreme Court of California has construed those sections to mean that a corporation may not prosecute or defend an action during the period in which it is suspended. David Dung Le, M.D., Inc. v. Commissioner, 114 T.C. at 272 (first citing United States v. 2.61 Acres of Land, 791 F.2d 666 (9th Cir. 1985); and then citing Reed v. Norman, 309 P.2d 809 (Cal. 1957)). Because the taxpayer's corporate status was not reinstated when the petition was filed or during the 90-day period, we held that

**[\*7]** it was "fatal to \* \* \* [the taxpayer] in that California law does not operate to toll a filing period from running during a period of suspension." Id. at 275. We therefore dismissed the petition in that case for lack of jurisdiction. The U.S. Court of Appeals for the Ninth Circuit, where appeals in these cases would lie absent stipulations to the contrary, affirmed this Court in David Dung Le, M.D., Inc. v. Commissioner, 22 F. App'x 837.

Contrary to our position in David Dung Le, M.D., Inc., petitioners argue that a suspended corporation under California law has sufficient vitality to institute a court action, subject to a timely dismissal motion. Petitioners contend that if a timely dismissal motion was not made, respondent has waived and forfeited the corporate capacity issue. See Ctr. for Self-Improvement & Cmty. Dev. v. Lennar Corp., 94 Cal. Rptr. 3d 74, 80 (Ct. App. 2009) (stating that a challenge to capacity is waived if not properly raised); Color-Vue, Inc. v. Abrams, 52 Cal. Rptr. 2d 443, 446-447 (Ct. App. 1996) (holding that a corporation's lack of capacity was a plea in abatement that the opposing party waived by failing to raise early in the litigation). In support of their argument petitioners cite Cal. Rev. & Tax. Code sec. 23304.1 (2018), which they contend gives suspended corporations the power, right, and privilege to enter into contracts, voidable at the request of the other party. Analogizing an action in contract to one in this Court,

**[\*8]** petitioners contend that they have some power to engage in litigation, subject to a timely challenge.[2]  We disagree for the reasons below.

We have consistently held that "[t]he failure to question our jurisdiction is not a waiver of the right to do so, for if we lack jurisdiction over an issue, we do not, and never did, have the power to decide it."  David Dung Le, M.D., Inc. v. Commissioner, 114 T.C. at 269; see Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982); Brown v. Commissioner, 78 T.C. 215, 217-218 (1982).  This Court has also consistently held that suspended California corporations lack capacity to engage in litigation in this Court.  David Dung Le, M.D., Inc. v. Commissioner, 114 T.C. at 274; see NT, Inc. v. Commissioner, 126 T.C. 191, 193-194 (2006); Condo v. Commissioner, 69 T.C. at 152 (citing Reed, 309 P.2d at 343); Matthews v. Commissioner, T.C. Memo. 2015-78.  The revival of a corporation's corporate powers will not restore its capacity to litigate a Court case when the date of the revival is beyond the 90-day period in which a petition in this Court was required to be filed.  See AMA

---

[2]Petitioners alternatively argue that the 90-day period pursuant to sec. 6213 is not a jurisdictional provision and is therefore subject to waiver.  However, "[i]n cases too numerous to mention, dating back to 1924, we have held that the statutorily-prescribed filing period in deficiency cases is jurisdictional."  Guralnik v. Commissioner, 146 T.C. 230, 238 (2016) (citing Satovsky v. Commissioner, 1 B.T.A. 22, 24 (1924)).

[*9] Enters., Inc. v. Commissioner, 523 F. App'x 455 (9th Cir. 2013) (holding that although a corporation filed a timely petition in this Court, it did not have the capacity to engage in litigation because its corporate powers, rights, and privileges were suspended under California law at the time the petition was filed; the subsequent revival of its corporate powers after the statutory period did not retroactively satisfy section 7428(b)(3), which requires that an organization file a section 7428 petition within 90 days of the Service's mailing an adverse determination letter); John C. Hom & Assocs., Inc. v. Commissioner, 140 T.C. 210 (2013) (holding that the Court lacked jurisdiction to hear a corporate taxpayer's petition for redetermination of income tax deficiency because the taxpayer's corporate capacity was suspended by the CFTB at the time it filed its petition, even though its status was reinstated before the scheduled trial); David Dung Le, M.D., Inc. v. Commissioner, 114 T.C. at 274-275.

Petitioners cite other California authority to support their proposition that California courts have allowed a corporation to maintain litigation or an appeal filed at a time when the corporation was suspended and have found that an action based upon corporate incapacity is waived if not properly challenged. See, e.g., De Saracho v. Custom Food Mach., Inc., 206 F.3d 874, 878-879 (9th Cir. 2000); Color-Vue, 52 Cal. Rptr. 2d at 446-447. Petitioners also argue that lack of subject

**[*10]** matter jurisdiction may not end a suit if the defect is cured by the time judgment is entered and that a default judgment against a suspended corporation is not a "'right' under California law". See Caterpillar Inc. v. Lewis, 519 U.S. 61, 77 (1996); Ctr. for Self-Improvement & Cmty. Dev., 94 Cal. Rptr. 3d at 81.

However, cases allowing revived prosecuting lawsuits filed at times when the corporations were suspended involve courts of general jurisdiction and claims that were not barred by statutes of limitations or other statutory restrictions. Moreover, the filing of a petition for redetermination of a Federal tax deficiency is not contractual but rather a jurisdictional requirement required to engage in litigation in this Court. See Guralnik v. Commissioner, 146 T.C. 230, 238 (2016).

Consistent with prior precedent and given petitioners' inability to prosecute or defend any part of these cases under California law, we find that petitioners lacked capacity to timely file proper petitions. We are also unpersuaded by petitioners' arguments that their suspensions were "mere irregularities" and do not believe their reliance on equity and policy considerations can overcome a jurisdictional defect. We lack the authority to relieve petitioners from the clear jurisdictional requirement under section 6213(a), and a departure from our established precedent in David Dung Le, M.D., Inc. would be especially

**[*11]** imprudent given that it was appealed to and affirmed by the Court of Appeals for the Ninth Circuit.

For reasons discussed herein, we will dismiss these cases for lack of jurisdiction.  <u>See</u> Rules 60(c), 123(b).  The dismissal of the petitions for lack of jurisdiction in this Court will not, of course, deprive petitioners of their rights to dispute the deficiencies in other venues.

To reflect the foregoing,

<u>Appropriate orders will be entered granting respondent's motions to dismiss for lack of jurisdiction</u>.