# United States Tax Court

166 T.C. No. 5

ARBOR VITA CORPORATION d.b.a. HEMEDIAGNOSTICS,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 4172-25L.                                    Filed March 16, 2026.

————

P, a corporation organized under California law, has unpaid unemployment tax and civil penalty liabilities for taxable year 2017. After holding a CDP hearing, R issued to P a Notice of Determination for 2017. P filed a Petition within 30 days of issuance of the Notice of Determination. When P filed the Petition, its corporate status was suspended under California law for its failure to file certain state tax returns. P revived its corporate status after the filing of the Petition and the expiration of the I.R.C. § 6330(d)(1) 30-day limitations period.

R moved the Court to dismiss this case for lack of jurisdiction on the ground that P lacked capacity under Tax Ct. R. Prac. & P. 60(c) to initiate this proceeding because its corporate status was suspended under California law at the time the 30-day period of limitations expired.

*Held*: P did not have the capacity to file a Petition under Tax Ct. R. Prac. & P. 60(c) because under California law its revival does not relate back to the date it filed its Petition.

*Held, further*, the doctrine of equitable tolling is inapplicable in this case.

*Held, further*, this Court lacks jurisdiction.

————————

*Eric G. Pearson*, for petitioner.

*Sarah A. Herson* and *Joanne H. Kim*, for respondent.

OPINION

LANDY, *Judge*: On April 3, 2025, petitioner, Arbor Vita Corp., doing business as Hemediagnostics (Arbor Vita), petitioned this Court for review, pursuant to sections 6320(c)[1] and 6330(d)(1), of a determination by the Internal Revenue Service (IRS) Independent Office of Appeals sustaining the filing of a notice of federal tax lien (NFTL) to collect unpaid unemployment tax and civil penalty liabilities for taxable year 2017. The Commissioner now moves this Court to dismiss Arbor Vita's Petition for lack of jurisdiction, contending that the Petition was not filed by a party with capacity to maintain an action under Rule 60(c). More specifically, the Commissioner maintains that Arbor Vita lacked capacity to file a petition because its corporate status was suspended when the 30-day period of limitations (30-day period) expired.

For the reasons stated below, we agree with the Commissioner, and we will grant the Motion to Dismiss for Lack of Jurisdiction (Motion).

*Background*

On May 5, 1998, Arbor Vita was organized as a corporation under California law. Pursuant to Cal. Rev. & Tax. Code §§ 23301 and 23302 (West 2025), Arbor Vita's powers, rights, and privileges as a California corporation were suspended as of July 1, 2024, for its failure to file certain state tax returns. For taxable year 2017 the IRS determined that

————

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure.

Arbor Vita failed to pay its unemployment tax liability and further assessed a section 6721 penalty for failure to file Forms W–2, Wage and Tax Statement, with the Social Security Administration. The IRS subsequently sent Arbor Vita notice that it had filed the NFTL to collect the outstanding liability and penalty. Arbor Vita timely requested and participated in a collection due process (CDP) hearing with the IRS regarding the proposed collection action. While Arbor Vita's corporate status was suspended, the Commissioner sustained the filing of the NFTL in a Notice of Determination Concerning Collection Actions Under Sections 6320 or 6330 of the Internal Revenue Code (Notice of Determination), dated March 6, 2025.

Arbor Vita's corporate status remained suspended when it filed a timely Petition with this Court on April 3, 2025. At that time, Arbor Vita's principal place of business was in California.[2] On September 17, 2025, Arbor Vita received a Certificate of Revivor, its corporate status was reinstated, and it returned to being a corporation in good standing with the California Franchise Tax Board (FTB).

*Discussion*

The Commissioner moves to dismiss this case for lack of jurisdiction because Arbor Vita's corporate status was suspended at the time it filed its Petition and remained suspended through the expiration of the 30-day period. Arbor Vita maintains that this Court should deny the Motion because (1) a Certificate of Revivor retroactively validates a timely petition filed by a suspended corporation under California law and (2) good cause exists to apply equitable tolling.

First, because we apply state law to determine corporate capacity, we must consider whether under California law Arbor Vita's corporate revival relates back to when it filed its Petition. *See* Rule 60(c). For the reasons stated below, we determine that it does not. Thus, Arbor Vita lacked capacity under Rule 60(c) to file its Petition. Consequently, we must also determine whether equitable tolling applies to a timely filed petition filed by a corporation without capacity. We hold it does not.

I.   *Jurisdiction and corporate capacity*

We are a legislatively created court; consequently, our jurisdiction flows directly from Congress. *David Dung Le, M.D., Inc. v.*

---

[2] Absent stipulation to the contrary, this case is appealable to the U.S. Court of Appeals for the Ninth Circuit. *See* § 7482(b)(1)(G)(ii), (2).

*Commissioner*, 114 T.C. 268, 269 (2000) (and cases cited thereat), *aff'd*, 22 F. App'x 837 (9th Cir. 2001); *see* § 7442. This Court is a court of limited jurisdiction and lacks general equitable powers. *Commissioner v. McCoy*, 484 U.S. 3, 7 (1987); *Commissioner v. Gooch Milling & Elevator Co.*, 320 U.S. 418, 420 (1943). "Whether we have jurisdiction to decide a matter is an issue that a party, or this or an appellate court sua sponte, may raise at any time." *David Dung Le, M.D., Inc.*, 114 T.C. at 269.

Arbor Vita bears the burden of proving all facts necessary to establish our jurisdiction. *See id.* at 270; *Patz Tr. v. Commissioner*, 69 T.C. 497, 503 (1977). First, Arbor Vita must establish that the Commissioner issued to it a valid Notice of Determination. *Craig v. Commissioner*, 119 T.C. 252, 256 (2002). Second, Arbor Vita must demonstrate it had the requisite capacity to initiate and participate in a proceeding before this Court. *See* Rule 60(a), (c). There is no dispute that the Commissioner issued a Notice of Determination to Arbor Vita. Thus, Arbor Vita must establish it met the capacity requirements. Rule 60(c) provides that "[t]he capacity of a corporation to engage in . . . litigation [in this Court] shall be determined by the law under which it was organized." *See NT, Inc. v. Commissioner*, 126 T.C. 191, 193 (2006); *David Dung Le, M.D., Inc.*, 114 T.C. at 270. Arbor Vita was organized under the laws of California, and thus, California law controls our capacity determination.

A.     *Revivor and relation back of corporate status under California law*

In California the FTB may suspend the "powers, rights, and privileges of a domestic taxpayer" if the corporation fails to pay "any tax, penalty, or interest, or any portion thereof, that is due and payable" at specified times. Cal. Rev. & Tax. Code § 23301 (West 2025); *accord Grell v. Laci Le Beau Corp.*, 87 Cal. Rptr. 2d 358, 362 (Ct. App. 1999) (citing *Reed v. Norman*, 309 P.2d 809, 812 (Cal. 1957)). Once a corporation's powers are suspended, it "may not prosecute or defend an action." *Reed*, 309 P.2d at 812. A corporation may revive its status upon payment of its tax liability and written application to the FTB. Cal. Rev. & Tax. Code § 23305 (West 2025).

California law, however, provides that "[p]rocedural acts in the prosecution or defense of a lawsuit are validated retroactively by corporate revival," and "[m]ost litigation activity [is] characterized as procedural for purposes of corporate revival." *Benton v. Cnty. of Napa*,

277 Cal. Rptr. 541, 545 (Ct. App. 1991). Consequently, "[o]n revivor of its corporate powers a corporation may continue an action commenced during the period of suspension and not previously dismissed, even though the opposing party pleaded the suspension prior to the revivor." *A.E. Cook Co. v. K S Racing Enters., Inc.*, 79 Cal. Rptr. 123, 123–24 (Ct. App. 1969). To the contrary, substantive acts are not validated upon revival. *Welco Constr., Inc. v. Modulux, Inc.*, 120 Cal. Rptr. 572, 575 (Ct. App. 1975).

Any revival "shall be without prejudice to any action, defense, or right which has accrued by reason of the original suspension or forfeiture." Cal. Rev. & Tax. Code § 23305a (West 2025). In other words, if relation back of revival would prejudice or invalidate an opposing party's defense that accrued because of the suspension of corporate status, regardless of the nature of that defense, then revivor cannot retroactively validate an otherwise procedural act. *Cmty. Elec. Serv. of L.A., Inc. v. Nat'l Elec. Contractors Ass'n*, 869 F.2d 1235, 1240 (9th Cir. 1989) (holding that revivor did not relate back to validate the otherwise timely commencement of an action when revivor occurred after the expiration of the period of limitations because relation back would prejudice the opposing party's statute of limitations defense); *see Benton*, 277 Cal. Rptr. at 545–46.

B.    *Change in this Court's treatment of section 6330(d)(1) deadline after* Boechler

Statutes of limitations are generally procedural because they "'promote the orderly progress of litigation' but do not bear on a court's power." *Boechler, P.C. v. Commissioner*, 142 S. Ct. 1493, 1497 (2022) (quoting *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 435 (2011)); *see also United States v. Wong*, 575 U.S. 402, 410 (2015). A statute of limitations that also serves as a jurisdictional grant is substantive rather than procedural because it confers rights upon a party and "failure to comply with the [time] bar deprives a court of all authority to hear a case." *Wong*, 575 U.S. at 408–09.

In *Boechler, P.C. v. Commissioner*, 142 S. Ct. 1493, the Supreme Court considered whether the 30-day period to file a petition is jurisdictional. The Supreme Court held that section 6330(d)(1) provides "an ordinary, nonjurisdictional deadline subject to equitable tolling." *Boechler, P.C. v. Commissioner*, 142 S. Ct. at 1501. Therefore, for purposes of CDP cases arising out of California, lack of corporate status

at the time of filing a petition does not inherently bar relation back upon revival. *See* Cal. Rev. & Tax. Code § 23305a (West 2025).

The holding in *Boechler* distinguishes this case from our precedent regarding corporate revival of California corporations. Past jurisprudence primarily addressed petitions filed pursuant to section 6213(a) and held that revival of corporate status did not relate back because this Court, as well as the Ninth Circuit, treats the 90-day deadline as a jurisdictional, and therefore substantive, rule.[3] *See David Dung Le, M.D., Inc.*, 114 T.C. at 270; *see also John C. Hom & Assocs. v. Commissioner*, 140 T.C. 210, 215 (2013); *Timbron Int'l Corp. v. Commissioner*, T.C. Memo. 2019-31, at *10–11; *Matthews v. Commissioner*, T.C. Memo. 2015-78, at *3, *8.[4] In sum, *Boechler* created some flexibility for corporate taxpayers that file a petition while their corporate status is suspended but is revived before the expiration of the 30-day period.

II.     *Whether Arbor Vita had corporate capacity to file its Petition*

Arbor Vita did not have the requisite corporate status when it received the Notice of Determination because the FTB had suspended its status on July 1, 2024. Arbor Vita remained without corporate status when it filed its Petition on April 3, 2025 (within the 30-day period), and until September 17, 2025, when the FTB deemed it to be in good standing. Following *Boechler*, Arbor Vita's lack of good standing at the time it filed its Petition does not itself bar our jurisdiction over its case because section 6330(d)(1) provides a nonjurisdictional, procedural deadline. *See Boechler, P.C. v. Commissioner*, 142 S. Ct. at 1501; *see also Benton*, 277 Cal. Rptr. at 544–45.

---

[3] Both the Ninth Circuit and this Court have addressed petitions filed pursuant to section 7428, *see AMA Enters., Inc. v. Commissioner*, 523 F. App'x 455 (9th Cir. 2013); *see also XC Found. v. Commissioner*, T.C. Memo. 2023-3, *aff'd*, No. 23-70060, 2024 WL 2843037 (9th Cir. June 5, 2024), which this Court also treats as jurisdictional, *e.g.*, *CRSO v. Commissioner*, 128 T.C. 153, 157 (2007).

[4] We note that our characterization of statutes of limitations in *Matthews* as "substantive," *Matthews*, T.C. Memo. 2015-78, at *7, remains valid as it applies to section 6213(a) (and other jurisdictional statutes of limitations) because section 6213(a) grants rights to taxpayers rather than merely facilitating those rights, *see Boechler*, 142 S. Ct. at 1497; *see also Organic Cannabis Found., LLC v. Commissioner*, 962 F.3d 1082, 1092–95 (9th Cir. 2020); *Hallmark Rsch. Collective v. Commissioner*, 159 T.C. 126, 166–67 (2023).

Notwithstanding, 31 days after issuing the Notice of Determination, the Commissioner accrued a statute of limitations defense against any petition filed by Arbor Vita. *See Cmty. Elec. Serv. of L.A.*, 869 F.2d at 1240. To retroactively validate Arbor Vita's Petition at this juncture would prejudice the Commissioner's defense by effectively nullifying it because Arbor Vita's Petition would be considered valid and timely filed. Therefore, under California law, we cannot relate Arbor Vita's corporate revival back to the time it filed its Petition. *See* Rule 60(c); Cal. Rev. & Tax. Code § 23305a (West 2025); *Cmty. Elec. Serv. of L.A.*, 869 F.2d at 1241.

The Ninth Circuit addressed a nearly identical situation in *Community Electric Service of Los Angeles*, 869 F.2d 1235. In that case, Community Electric was without corporate status at the time it filed an otherwise timely antitrust complaint, and its status was not revived until after the nonjurisdictional period of limitations expired. *Id.* at 1238–39. The Ninth Circuit applied California law to determine whether Community Electric's revival could relate back. The Ninth Circuit held that the statute of limitations defense barred relation back because relation back would prejudice that defense. *Id.* at 1240–41. Similarly, we are obligated to follow California law, and we decline to retroactively validate Arbor Vita's Petition.

Arbor Vita maintains that "[b]ecause the 30-day [period] in CDP cases is not jurisdictional, California's retroactive rule for procedural deadlines for notices of appeal applies" and that this Court should retroactively validate its Petition. Obj. to Mot. to Dismiss for Lack of Jurisdiction 6. Although California courts may relate back an entity's corporate status to retroactively validate the filing of a notice of appeal, *see Bourhis v. Lord*, 295 P.3d 895, 900–01 (Cal. 2013), statutes of limitations provide a defense contemplated by Cal. Rev. & Tax. Code § 23305a, and the expiration of the time to file a notice of appeal does not, *Bourhis*, 295 P.3d at 900–01. Furthermore, this Court is not an appellate court, as evidenced by the Supreme Court's characterization of this Court's "role in the federal judicial scheme [as] closely resembl[ing] [that] of the federal district courts." *Freytag v. Commissioner*, 501 U.S. 868, 891 (1991). Arbor Vita has supplied no reason why this Court should now consider its Petition a notice of appeal, and we see no reason to do so.

III.    *Whether equitable tolling applies*

Arbor Vita urges this Court to apply the doctrine of equitable tolling if revival does not relate back to the date the Petition was filed. "Equitable tolling 'effectively extends an otherwise discrete limitations period set by Congress.'" *Belagio Fine Jewelry, Inc. v. Commissioner*, 164 T.C. 163, 167 (2025) (quoting *Lozano v. Montoya Alvarez*, 572 U.S. 1, 10 (2014)). "To be entitled to equitable tolling, a taxpayer must establish (1) that it pursued its rights diligently and (2) that extraordinary circumstances outside of its control prevented it from filing on time." *Id.* at 172. While this Court may equitably toll the section 6330(d)(1) deadline following *Boechler, P.C. v. Commissioner*, 142 S. Ct. at 1501, Arbor Vita timely filed its Petition. Consequently, there is no extension we can grant Arbor Vita, and equitable tolling does not apply.

IV.    *Conclusion*

For the reasons discussed, we determine that Arbor Vita did not have the requisite corporate capacity, pursuant to Rule 60(c), when it filed its Petition, and the doctrine of equitable tolling is inapplicable in this case. Consequently, we will grant the Commissioner's Motion.

We have considered all remaining arguments and, to the extent not addressed above, find them to be moot, irrelevant, or without merit.

To reflect the foregoing,

*An order of dismissal for lack of jurisdiction will be entered.*